# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-4015

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Myron K. Woods, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: September 9, 2003
Filed: October 14, 2003

_____

Before SMITH, LAY, and BRIGHT, Circuit Judges.

_____

BRIGHT, Circuit Judge.

The government charged Myron K. Woods with distribution of five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Woods pleaded guilty pursuant to a plea agreement in which he waived his right to appeal his sentence. The district court sentenced Woods to 100 months' (eight years and four months) imprisonment. Despite the waiver, Woods filed this appeal claiming the district court improperly enhanced his sentence under the guidelines for obstruction of justice. U.S.S.G. § 3C1.1. Woods argues that enforcing the waiver would constitute a miscarriage of justice because the underlying facts of his case do not equal the standard for finding an obstruction of justice. In light of this court's recent

en banc ruling in <u>United States v. Andis</u>, 333 F.3d 886 (8th Cir. 2003), we dismiss Woods' appeal.[1]

I.      BACKGROUND

On March 6, 1998, Woods sold crack cocaine to an undercover police officer in exchange for what appeared to be official law enforcement information regarding Woods' drug trafficking activities.  Woods and the government entered into a plea agreement stipulating to the relevant underlying facts, and waiving the right to appeal.  In addition, the plea agreement noted that the government sought an obstruction of justice enhancement based on the exchange of drugs for a police report. Woods objected to the enhancement, and the parties noted the objection in the plea agreement.  The plea agreement stated that the district court would determine the applicability of the obstruction of justice enhancement.  Regarding the obstruction of justice determination the parties agreed:

> Should the defendant's final offense level be set by the Court at a level 25, the defendant should receive a sentence of 100 months.  Should the Court determine that the final offense level is a 23, then the parties have no agreement as to a recommended sentence, and the defendant may be sentenced to any term within the applicable guideline range.

Appellant's App. at 11.  In exchange for Woods pleading guilty, the government agreed to recommend a three-level decrease in Woods' offense level for acceptance of responsibility.  The government agreed not to pursue additional federal drug charges against Woods for his prior alleged violations.

---

[1]This court requested and the parties supplied supplemental briefing prior to oral argument on the applicability of <u>Andis</u> to Woods' appeal.

After hearing argument for both sides on the obstruction of justice enhancement, the district court determined Woods' actions qualified for the enhancement. The district court then increased Woods' offense level from a level twenty-three to a level twenty-five. The district court sentenced Woods to the agreed on 100 months' imprisonment, to be served consecutively with a fifty-eight-month sentence for a felon in possession of a firearm conviction in 1998. Woods filed a pro se appeal, and the court appointed counsel. On appeal, Woods argues that, notwithstanding his waiver of appellate rights, he retained the right to appeal because the evidence does not support the obstruction of justice enhancement. The government argues that Woods' appeal should be dismissed because of the valid waiver.

## II.    DISCUSSION

We recently explained in <u>Andis</u> that valid waivers of appellate rights are generally enforceable. <u>Andis</u>, 333 F.3d at 889. <u>Andis</u> provides a procedure for determining whether or not a waiver will be enforced to prohibit an appeal. When reviewing a purported waiver, we must confirm that the appeal falls within the scope of the waiver and that the defendant entered into both the waiver and plea agreement knowingly and voluntarily. Even when those conditions are met, we will not enforce the waiver where to do so would result in a miscarriage of justice. <u>Id.</u> at 890.

In this case, Woods' waiver in his plea agreement provided:

> The defendant has been fully apprised of his right to appeal by his attorney and fully understands that he has a right to appeal his sentence under 18 U.S.C. § 3742. In the event the District Court follows the recommendations of the parties as set forth under paragraph one herein, both the defendant and the Government hereby mutually agree to waive all rights to appeal whatever sentence is imposed, including any issues that relate to the establishment of the Guideline range reserving only the

right to appeal from an upward or downward departure from the Guideline range that is established at sentencing, which departure was not agreed to as part of this agreement. The District Court's decision as to these issues shall not be subject to appeal.

Appellant's App. at 11.

Because Woods does not suggest that the present appeal falls outside the scope of the waiver, the initial consideration of the <u>Andis</u> analysis supports dismissing Woods' appeal. Woods also does not contest that he entered into the waiver knowingly and voluntarily. <u>Id.</u> at 890-91.

<u>Andis</u> does not provide a precise definition of a miscarriage of justice. However, the <u>Andis</u> court did indicate a non-exhaustive list of three circumstances where a miscarriage of justice could exist. <u>Andis</u>, 333 F.3d at 891. First, a miscarriage of justice may exist when the district court bases a sentence on constitutionally impermissible factors. <u>Id.</u> Second, claims asserting ineffective assistance of counsel may warrant a determination of a miscarriage of justice. <u>Id.</u> Finally, an illegal sentence may constitute a miscarriage of justice.

In light of <u>Andis</u>, Woods contends that a miscarriage of justice occurs when a court determines an offense happened without facts to support the finding. Woods argues that the facts in his case do not satisfy a finding of obstruction of justice. Woods challenges the constitutionality of finding an enhancement where the facts and the plea agreement do not meet the elements. We need not address this contention to decide Woods' appeal. Woods knew, and the plea agreement reflected, that the district court might adopt the government's recommendation for an obstruction of justice enhancement. Woods agreed to have the district court make the final determination. Further, Woods knowingly and explicitly waived the right to appeal the district court's determination as to the obstruction of justice enhancement. Woods understood and agreed to the procedure that the district court followed. Because

Woods knew and agreed to the procedure followed by the district court, no miscarriage of justice exists here.

III.    CONCLUSION

Accordingly, we dismiss Woods' appeal.

_____