# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 08-3271

—————

United States of America,

        Plaintiff-Appellee,

v.

Michael Lee Luleff,

        Defendant-Appellant.

\* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the Eastern
District of Missouri.

—————

Submitted: June 12, 2009
Filed: July 27, 2009

—————

Before BYE, HANSEN, and BENTON, Circuit Judges.

—————

BYE, Circuit Judge.

In this appeal Michael Luleff challenges his sentence, which was imposed after he pleaded guilty to conspiring to possess methamphetamine with the intent to distribute, 21 U.S.C. §§ 841(a)(1) and 846. Luleff argues the district court[1] committed substantive error in imposing his sentence, and the government moves to dismiss Luleff's appeal in accordance with a waiver provision in his plea agreement. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. 3742(a). We deny the

———————————

[1] The Honorable Rodney W. Sippel, United States District Court for the Eastern District of Missouri.

government's motion to dismiss Luleff's appeal, and because the district court did not abuse its discretion at sentencing, we affirm on the merits.

I

In January 2008, a grand jury returned a one-count indictment, which charged Luleff, along with three others, with conspiring to possess methamphetamine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Additionally, the indictment alleges the quantity of the methamphetamine involved in the offense was in excess of 500 grams, thereby making the offense punishable under 21 U.S.C. § 841(b)(1)(A)(viii). In June 2008, Luleff pleaded guilty as charged.

At sentencing, the district court found Luleff to be a career offender and established his advisory Sentencing Guidelines range to be 262 to 327 months' imprisonment based on a total offense level of 34 and criminal-history category VI. The district court then imposed a 262-month sentence, which was at the bottom of the Guidelines range.

This timely appeal followed. Additionally, the government moved to dismiss Luleff's appeal as violating the waiver provision of his plea agreement. The motion has been referred to the panel for decision.

II

As a threshold matter, we must resolve the government's pending motion to dismiss this appeal because of a waiver provision in Luleff's plea agreement. Luleff responds that the appeal is proper because the issues raised are outside the scope of the waiver given the district court's failure to apply the recommendations in the plea agreement.

Generally, a defendant may waive his appellate rights. See United States v. Andis, 333 F.3d 886, 889 (8th Cir. 2003) (en banc). When we review such a waiver, we must determine that the issue raised on appeal falls within the scope of the waiver and the defendant knowingly and voluntarily entered into both the plea agreement and waiver. See United States v. Woods, 346 F.3d 815, 817 (8th Cir. 2003). And even when those conditions are satisfied, "we will not enforce the waiver where to do so would result in a miscarriage of justice." Id. The government bears the burden to show that each of these conditions is met. See United States v. McIntosh, 492 F.3d 956, 959 (8th Cir. 2007) (citing United States v. Aronja-Inda, 422 F.3d 734, 737 (8th Cir. 2005)).

The relevant portion of Luleff's plea agreement provides:

> Waiver of Post-Conviction Rights:
>
> (1) Appeal: The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.
>
> . . .
>
> (b) Sentencing Issues: In the event the Court accepts the plea, *and, in sentencing the defendant, 1) applies the recommendations agreed to by the parties herein*, and 2) after determining a Sentencing Guideline range, sentences the defendant within that range, then, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all sentencing issues, with the exception that the defendant retains his right to appeal the Criminal History Category and Career Offender status.

(Emphasis added.) In other words, Luleff agreed to waive his appellate rights only if the district court (1) applied the recommendations set forth in the plea agreement and

(2) sentenced him within the Guidelines range. The parties recommended Luleff's base offense level to be 32 and his total offense level to be 29.

At sentencing, the district court did not follow this recommendation, concluding that Luleff had "a total offense level of 34 and a criminal history category of six." Accordingly, an essential condition of the waiver provision was not met, and the government cannot meet its burden to show that the issues Luleff raises on appeal fall within the scope of the waiver provision—regardless of the issue. We therefore deny the government's motion to dismiss this appeal.

III

Turning to the merits of Luleff's appeal, it is not entirely clear whether he asserts that the district court committed procedural or substantive error at sentencing. For example, Luleff cites law to the effect that the district court must "consider each of the sentencing factors set forth in [18 U.S.C.] § 3553(a) before making its final determination as to the sentence to be imposed." This type of argument is typically raised in a procedural-error appeal. See Gall v. United States, 552 U.S. --, 128 S. Ct. 586, 597 (2007) (labeling a district court's failure to consider the § 3553(a) factors as procedural error). But a few sentences later, Luleff makes the following statement: "Although [Luleff] does not argue herein that his advisory guidelines range was improperly calculated, he asserts that the sentence imposed was unreasonable in light of the statutory sentencing factors set forth in § 3553(a)." Luleff then dedicates the remainder of his brief to arguing that (1) the sentence was unreasonably long in light of the § 3553(a) factors; (2) the district court committed a "clear error of judgment"; and (3) the district court violated the parsimony doctrine. These types of arguments are typically associated with substantive error. See Gall, 128 S. Ct. at 597; United States v. Kowal, 527 F.3d 741, 749 (8th Cir.), cert. denied, 129 S. Ct. 612 (2008). Fundamentally, Luleff's argument challenges the reasonableness of the sentence in light of § 3553(a). Therefore, we construe Luleff's appeal to assert substantive error.

We review a challenge to the substantive reasonableness of a sentence for an abuse of discretion. See United States v. Phelps, 536 F.3d 862, 869 (8th Cir. 2008), cert. denied, 555 U.S. ---, 129 S. Ct. 1390 (2009). A sentencing court abuses its discretion when it "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." Kowal, 527 F.3d at 749 (internal quotation marks omitted). Additionally, we accord a sentence within the applicable guidelines range a "'presumption of substantive reasonableness on appeal.'" Phelps, 536 F.3d at 869 (quoting United States v. Robinson, 516 F.3d 716, 717 (8th Cir. 2008)). Luleff bears the burden of proving that his sentence is unreasonable. See United States v. Betcher, 534 F.3d 820, 827 (8th Cir. 2008). And even though Luleff failed to invoke substantive error as a basis to object to the length of his sentence at sentencing, "a defendant does not forfeit an attack on the substantive reasonableness of a sentence by failing to object in the district court." Phelps, 536 F.3d at 869.

Here, the record shows that the district court did not abuse its discretion by sentencing Luleff to 262 months' imprisonment. As an initial matter, Luleff's sentence is within the Guidelines range, and we therefore accord it a presumption of reasonableness. See Phelps, 536 F.3d at 869; see also United States v. Turbides-Leonardo, 468 F.3d 34, 41 (1st Cir. 2006) ("It will be the rare case in which a within-the-range sentence can be found to transgress the parsimony principle.").

Moreover, the sentencing transcript shows that the district court did not impose an unreasonably lengthy sentence. The district court emphasized that Luleff had committed a number of serious violent felonies in the past, had been incarcerated almost continuously from the mid-1980s until 2004, and found himself "with almost a kilo of methamphetamine within less than two years of his release from the custody of the Missouri Department of Corrections." The district court also explained that the sentence was required to "protect[] the public, provid[e] deterrence, and . . . prevent

-5-

further crimes." The sentence was also sufficient but not greater than necessary, in the district court's view, because of the seriousness of conspiracy to distribute almost one kilogram of methamphetamine: "I won't even go in the societal harm that methamphetamine causes in our community, the lives destroyed; the carnage that results all seems kind of distant . . . [but is] very real in the everyday lives of people . . . in Missouri, especially rural Missouri."

Regardless of whether "a sentence significantly lower than that imposed by the [district] court would have fully addressed each of the objectives cited [by it] at the time of sentencing," as Luleff argues, "[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall, 128 S. Ct. at 597; United States v. Austad, 519 F.3d 431, 436 (8th Cir. 2008). Accordingly, we conclude that the district court did not commit substantive error by sentencing Luleff to a term of imprisonment that is within the applicable Guidelines range.[2]

IV

For the foregoing reasons, we deny the government's motion to dismiss Luleff's appeal and affirm.

_____

_____

[2]To the extent Luleff argues that his sentence creates unwarranted sentencing disparities, such an argument fails for many of the same reasons as his other arguments. The district court reasonably concluded that Luleff's individualized circumstances—including participation in offense conduct not undertaken by other members of the conspiracy—justified a heavier sentence than those meted out to the other conspirators.