# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1713

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Jermaine A. Cole, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: July 28, 2010
Filed: August 2, 2010

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jermaine Cole appeals the sentence the district court[1] imposed after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967). In supplemental pro se filings, Cole argues that (1) his plea was induced by false promises as to his sentence; (2) his counsel was ineffective; (3) the district court wrongly imposed a 4-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6) for possessing the firearm in connection with

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

"another felony offense"--the state offenses of resisting a felony arrest and unlawful use of a weapon--because the state dismissed the charges; (4) the court improperly calculated his criminal history category; (5) the presentence report (PSR) incorrectly reported the date that he committed the burglary underlying his prior state burglary conviction; (6) his sentence is unreasonable; and (7) the court should have imposed his federal sentence to run concurrently with the state sentence that he received upon revocation of probation for his prior burglary conviction. For the following reasons, we affirm.

First, we review Cole's challenges to the application of the advisory Guidelines only for plain error because he did not object below. See United States v. Nichols, 151 F.3d 850, 854 (8th Cir. 1998). We find no error, plain or otherwise: the facts support the criminal history calculation (and we note that the PSR correctly reported the date of his burglary), see U.S.S.G. § 4A1.1 (describing criminal history points assessed for prior sentences); the 4-level enhancement was properly applied, see U.S.S.G. § 2K2.1, comment. (n.14(C)) ("another felony offense" for purposes of subsection (b)(6) means any offense punishable by more than 1 year in prison, regardless whether criminal charge was brought or conviction obtained); and the court properly imposed the federal sentence to run consecutively to the state sentence that Cole received upon revocation of his probation, see U.S.S.G. § 5G1.3(c) & comment. (n.3(C)) (describing sentencing options in cases where defendant was on probation at time of instant offense and has had such probation revoked; Commission recommends that sentence for instant offense run consecutively to sentence imposed for revocation).

Second, we conclude that the record is devoid of evidence to support Cole's argument that his plea was induced by promises as to his sentence, especially in light of his plea-hearing testimony disavowing any such promises. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) (solemn declarations in open court carry strong presumption of verity). Third, we find nothing suggesting that the court abused its

discretion by imposing an unreasonable sentence. <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (standard of review; describing factors that demonstrate procedural error); <u>United States v. Luleff</u>, 574 F.3d 566, 569 (8th Cir. 2009) (circumstances where court abuses its discretion, resulting in unreasonable sentence; sentence within Guidelines range is accorded presumption of substantive reasonableness on appeal). And finally, Cole's ineffective-assistance claims are not properly before us in this direct criminal appeal. <u>See</u> <u>United States v. McAdory</u>, 501 F.3d 868, 872-73 (8th Cir. 2007).

Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we affirm the district court's judgment, and we grant counsel's motion to withdraw, subject to counsel informing Cole about procedures for seeking rehearing or filing a petition for certiorari.

_____