# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3749

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| Francisco Enrique Martinez Zelaya, | * | of Minnesota. |
| also known as Henry Reyes Duben, | * | |
| also known as Juan Pablo Bernal, | * | [UNPUBLISHED] |
| also known as Francisco Enrique | * | |
| Martinez, also known as Juan Blanco- | * | |
| Gonzalez, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: October 19, 2010
Filed: October 22, 2010

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Francisco Martinez Zelaya appeals the 57 month prison sentence the district court[1] imposed after he pleaded guilty to unlawful reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2), and 6 U.S.C. §§ 202 and 557. Martinez

_____

[1] The Honorable David S. Doty, United States District Judge for the District of Minnesota.

Zelaya argues on appeal that his sentence is unreasonable because the district court failed to fully consider the factors under 18 U.S.C. § 3553(a) and imposed an unreasonable sentence. We affirm.

Martinez Zelaya originally entered the United States illegally in 1989 from El Salvador. Between 1991 and 1998 he was deported three times following arrests for possession for sale of cocaine base, criminal sexual conduct, and unlawful reentry. In 2009 Martinez Zelaya was again charged with and pled guilty to unlawful reentry after deportation. At sentencing the district court determined a total offense level of 21 and a criminal history category of IV, resulting in an advisory guidelines range of 57 to 71 months. The court sentenced Martinez Zelaya to 57 months.

On appeal Martinez Zelaya argues that his 57 month sentence was unreasonable because the district court failed to consider the law abiding life that he led for the past several years and the impact his incarceration would have on his family, but instead placed too much weight on his earlier criminal conduct. We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard, according a "presumption of substantive reasonableness" to sentences within the guideline range. United States v. Luleff, 574 F.3d 566, 569 (8th Cir. 2009).

After careful review we conclude that the district court committed no procedural error and imposed a substantively reasonable sentence. The record reflects that the district court considered the § 3553(a) factors and specifically concluded that the sentence imposed was sufficient but not greater than necessary to meet the statutory sentencing goals. See United States v. Gray, 533 F.3d 942, 944 (8th Cir. 2008) (application of guideline sentence does not require lengthy explanation of § 3553 factors). The record also reflects that the court considered appellant's personal history and listened to his statements and those of his family before concluding that his criminal history, which included three prior deportations, merited greater weight under § 3553(a). The court's decision to place greater emphasis on the need to provide

-2-

adequate punishment and a greater likelihood of deterrence based on appellant's criminal history was a permissible exercise of its considerable discretion under <u>Gall v. United States</u>, 552 U.S. 38 (2007) and <u>United States v. Booker</u>, 543 U.S. 220 (2005).

Accordingly, we affirm the judgment of the district court.

_____