# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 10-1531

_____

United States of America,

Plaintiff - Appellee,

v.

Juan Francisco Gomez-Toledo, also
known as Andres Antonio Castillo,
also known as Juan Gomez Toledo,
also known as Rudy Martinez, also
known as Francisco Martinez, also
known as Raul Gomez, also known as
Joel Torres, also known as Angel
Gomez,

Defendant - Appellant.

Appeal from the United States
District Court for the District
of Minnesota.

[UNPUBLISHED]

_____

Submitted: October 21, 2010
Filed: October 26, 2010

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Juan Gomez-Toledo appeals the 70 month prison sentence the district court[1] imposed after he pleaded guilty to unlawful reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2), and 6 U.S.C. §§ 202 and 557. Gomez-Toledo argues on appeal that his sentence is unreasonable because the district court gave undue weight to the advisory guideline sentence without weighing appropriately the other factors in 18 U.S.C. § 3553(a). We affirm.

Gomez-Toledo originally entered the United States illegally in 1984 from Mexico. Between 1986 and 2006 he was removed from the United States seven times. In 2009 Gomez-Toledo was again charged with and pled guilty to unlawful reentry after removal. At sentencing the district court determined a total offense level of 21 and a criminal history category of V, resulting in an advisory guideline range of 70 to 87 months. The court sentenced Gomez-Toledo to 70 months.

On appeal Gomez-Toledo argues that the district court gave undue weight to the advisory guideline sentence and failed to give sufficient consideration to the mitigating factors mentioned in his sentencing memorandum and his hearing argument. We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard, according a "presumption of substantive reasonableness" to sentences within the guidelines range. United States v. Luleff, 574 F.3d 566, 569 (8th Cir. 2009).

After careful review, we conclude that the district court committed no procedural error and imposed a substantively reasonable sentence. The record reflects that the district court adequately considered the § 3553(a) factors without viewing the guideline range as determinative. See United States v. Gray, 533 F.3d 942, 944 (8th Cir. 2008) (application of guidelines sentence does not require lengthy explanation of

---

[1] The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

§ 3553 factors). The record also reflects that the court carefully considered the personal mitigating factors submitted by Gomez-Toledo but concluded that appellant's significant criminal history and numerous unlawful reentries warranted a sentence within the guideline range. See United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc). This was a permissible exercise of the court's considerable discretion under Gall v. United States, 552 U.S. 38 (2007) and United States v. Booker, 543 U.S. 220 (2005).

Accordingly, we affirm the judgment of the district court.

_____