# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-2119

———————

United States of America,    *

      Plaintiff - Appellee,    *

     *   Appeal from the United States

v.    *   District Court for the

     *   Northern District of Iowa.

Patrick Slifka,    *

     *      [UNPUBLISHED]

      Defendant - Appellant.    *

———————

Submitted: December 17, 2010
Filed: December 23, 2010

———————

Before LOKEN, and BYE, Circuit Judges, and MARSHALL,[*] District Judge.

———————

PER CURIAM.

Between January 2002 and January 2008, while employed as a pharmacist in Cresco, Iowa, Patrick William Slifka submitted some 1,400 fraudulent claims for prescription medicine reimbursement to Wellmark Blue Cross/Blue Shield, resulting in losses of more than $135,000 to Wellmark. In carrying out the fraud, Slifka used the unique Drug Enforcement Administration numbers of at least three physicians to make the prescriptions appear valid. When apprehended, he pleaded guilty to wire fraud, a violation of 18 U.S.C. § 1343, and aggravated identity theft, a violation of 18

_____

[*] The Honorable D.P. Marshall Jr., United States District Judge for the Eastern District of Arkansas, sitting by designation.

U.S.C. § 1028A(a)(1), a statute that mandates a consecutive additional 24-month sentence. At sentencing, the district court[1] determined that the advisory guidelines range for the wire fraud offense was 21 to 27 months in prison. Denying Slifka's motion for a downward variance, the court imposed a sentence of 24 months for the wire fraud offense plus the mandatory consecutive 24 months for the identity theft offense and restitution of $135,594 to Wellmark. Slifka appeals the sentence, arguing the district court abused its discretion and imposed an unreasonable sentence when it denied his motion for a downward variance to one day in prison for the wire fraud offense based upon his continued lawful employment, partial payment of restitution, acceptance of responsibility, and family obligations.

The guidelines-range sentence is presumptively reasonable. Rita v. United States, 551 U.S. 338, 346-47 (2007). At sentencing, after receiving exhibits and hearing arguments of counsel, the district court stated that it had considered the arguments and submissions and the 18 U.S.C. § 3553(a) sentencing factors, and understood that a variance could be granted but found "no basis to vary from the advisory guidelines." The court noted the six-year duration of the offense conduct, Slifka's failure to admit the full scope of his fraud to the pharmacy licensing board, and his failure to promptly pay full restitution despite ample resources to do so. Reviewing the reasonableness of this sentence under our deferential abuse-of-discretion standard, we conclude that Slifka has not overcome the presumption. See, e.g., United States v. Luleff, 574 F.3d 566, 569-70 (8th Cir. 2009).

The judgment of the district court is affirmed.

_____

_____

[1] The Honorable Linda R. Reade, Chief Judge of the United States District Court for the Northern District of Iowa.