# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2968

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | On Appeal from the United |
| | * | States District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Keith James Hubbard, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: March 18, 2011
Filed: March 30, 2011

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Keith Hubbard pled guilty to one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). The district court[1] sentenced him within the guideline range to 300 months imprisonment and supervised release for life. On appeal, Hubbard argues that the district court imposed a substantively unreasonable sentence.

---

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, now retired.

We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard, according a "presumption of substantive reasonableness" to sentences within the guideline range. United States v. Luleff, 574 F.3d 566, 569 (8th Cir. 2009).

Hubbard argues that the district court gave insufficient weight to the passive nature of his offense and undue weight to his criminal history. Our review of the record indicates that the district court thoroughly considered the 18 U.S.C. § 3553(a) factors and reached a substantively reasonable conclusion. At sentencing, the court noted that it had reviewed Hubbard's lengthy sentencing memorandum and had considered his arguments for a downward variance. The court specifically rejected Hubbard's argument that he had merely passively distributed child pornography. The court also found that despite receiving significant treatment, Hubbard had continued to engage in a pattern of sexually exploiting minors. Ultimately, the court decided that it could not justify a sentence below the guideline range because of the risk Hubbard posed to the community as a result of his likelihood to recidivate. This was a permissible exercise of the court's considerable discretion under Gall v. United States, 552 U.S. 38 (2007), and United States v. Booker, 543 U.S. 220 (2005).

We also reject Hubbard's argument that the court should have afforded less deference to the sentencing guidelines because those applying to child pornography cases are not based on sufficient empirical support. See United States v. O'Connor, 567 F.3d 395, 398 (8th Cir. 2009).

Accordingly, the judgment of the district court is affirmed.

_____