# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3519

_____

United States of America,

           Appellee,

v.

Rickey L. Jackson,

           Appellant.

 

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Missouri.
\*
\*  [UNPUBLISHED]
\*
\*

_____

Submitted: April 20, 2012
Filed: July 18, 2012

_____

Before WOLLMAN, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Rickey Jackson challenges his 420-month sentence, imposed after the district court[1] modified his initial sentence to comport with the amended United States Sentencing Guidelines (Guidelines) regarding crack cocaine. Jackson claims that the new sentence is substantively unreasonable because it fails to give proper consideration to his post-conviction rehabilitative efforts while in prison. We affirm.

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

I.

In 1999, Jackson was convicted by a jury of conspiring to distribute cocaine base (crack cocaine). Jackson distributed large quantities of the drug and also attempted to bribe a law enforcement officer to provide information on the investigation of the conspiracy. The district court found that Jackson's total offense level was 44 and that his criminal history category was IV, which resulted in a Guidelines sentence of life imprisonment. On March 29, 1999, the district court imposed the life sentence. "The United States Sentencing Commission subsequently revised the drug quantity table in [Guidelines] § 2D1.1 and retroactively reduced by two levels the base offense level applicable to the quantity of cocaine base for which [Jackson] was accountable." See United States v. Burrell, 622 F.3d 961, 962 (8th Cir. 2010).

On October 12, 2011, Jackson filed a motion pursuant to 18 U.S.C. § 3582(c)(2), requesting that his sentence be reduced to reflect the amendments to the Guidelines regarding cocaine base. Under the amendments, Jackson's applicable sentencing range changed from life imprisonment to an advisory Guidelines range of 360 months to life imprisonment. Jackson argued that he should be resentenced to 360 months' imprisonment; the government maintained that a sentence of life imprisonment was appropriate. After conducting a hearing on Jackson's motion,[2] the district court reduced his sentence to 420 months' imprisonment over the government's objection.

---

[2]Throughout this opinion, Hr'g Tr. refers to this sentencing adjustment hearing held on Jackson's motion on October 25, 2011.

II.

We review sentences for procedural error and for substantive reasonableness. United States v. Farmer, 647 F.3d 1175, 1178 (8th Cir. 2011). Because Jackson does not allege procedural error, we review only the substantive reasonableness of the sentence "under a deferential abuse-of-discretion standard, according a 'presumption of reasonableness' to sentences within the guidelines range." See id. (quoting United States v. Luleff, 574 F.3d 566, 569 (8th Cir. 2009)). A district court abuses its discretion if it (1) fails to consider a relevant factors that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing them commits a clear error of judgment. Id. (citing United States v. Kane, 552 F.3d 748, 752 (8th Cir. 2009)).

Jackson contends that the district court failed to adequately consider his rehabilitation. We disagree. At the hearing, Jackson argued that his completion of educational and vocational classes while in prison demonstrated he is "a changed person by now and will be eventually even more so were he to ever get out of prison." Hr'g Tr. 8:22-23. The district court stated that it remembered Jackson's case well, mentioning the nature and circumstances of the offense:

> I want to note that I do remember this case so well. I remember the – the efforts that law enforcement made in this case; the length of the investigation; the – the extent of Mr. Jackson's involvement; his meeting with law enforcement to persuade law enforcement personally to back off of the investigation; his extravagant lifestyle which he flaunted with expensive automobiles. He had a large stash of drugs in his house in Columbia up above the ceiling. He committed the offense while he was on supervision. I remember his assaultive behavior. I remember all of those things; the amount of drugs.

Hr'g Tr. 10:25-11:1-10. The court went on to state that the factor it considered to be the turning point of this case was that "the Court must impose a sentence that reflects the nature of the offense as it relates to other defendants charged with similar crimes

under similar circumstances." Hr'g Tr. 10:11-15. "A district court's choice to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant is well within the wide latitude in weighing relevant factors." Farmer, 647 F.3d at 1180. The district court's decision to weigh the nature and circumstances of the offense more heavily than Jackson's rehabilitative conduct while in prison did not constitute an abuse of discretion.

III.

The sentence is affirmed.[3]

———————————————

[3]We note that Jackson, who is represented by counsel on appeal, filed a pro se supplemental brief. "Although we granted [Jackson] permission to file a supplemental brief, '[i]t is typically not our practice to consider pro se arguments where the defendant is represented by counsel[.]'" United States v. Williams, 599 F.3d 831, 834 n.3 (8th Cir. 2010) (quoting United States v. Moore, 481 F.3d 1113, 1114 n.2 (8th Cir. 2007)). We have, however, considered Jackson's claims and conclude that they are without merit.