# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1671

_____

United States of America

*Plaintiff - Appellee*

v.

James Lee Powers

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: March 14, 2016
Filed: July 11, 2016
[Published]

_____

Before WOLLMAN, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

James Lee Powers was sentenced to 108 months imprisonment after the district court[1] granted a partial reduction of his original 135 month sentence pursuant to

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

18 U.S.C. § 3582.  On appeal, Powers argues that the district court abused its discretion in reducing his sentence to the top of the amended Guidelines range because (1) the district court considered that Powers fled from the police when he was arrested, which is an aspect of Powers's offense that was already taken into account by the obstruction of justice enhancement, and (2) Powers's rehabilitation, including his sobriety and perfect conduct record in the Bureau of Prisons, reveals that he would pose no threat to the community if he received a sentence at the low end of the amended range. We affirm.

I.

On April 21, 2009, law enforcement officers received information that Powers and Amanda Jackson were purchasing pseudoephedrine at pharmacies in Missouri. Officers established surveillance of Powers's vehicle and followed Powers and Jackson to a Wal-Mart in Cape Girardeau, Missouri.  An officer maintained surveillance of Powers and Jackson in the store and observed Powers buy a coffee grinder.

The officers were aware that Powers's driver's license was revoked.  After Powers and Jackson left the Wal-Mart parking lot, officers from the Cape Girardeau Police Department attempted to conduct a traffic stop of the vehicle.  Powers, who was driving, pulled into another parking lot, followed by officers.  An officer exited his vehicle, drew his weapon, shouted verbal commands, and positioned himself in front of Powers's vehicle.  Powers accelerated toward the officer, who was forced to jump out of the path of the vehicle.  The officers then pursued the vehicle for approximately ten miles.  During the chase, Powers drove on the shoulder of the road at a speed of over 100 miles per hour while passing other vehicles in a construction zone.  At one point, Powers's vehicle reached a speed of over 130 miles per hour. The officers stopped their pursuit and recovered an empty bottle of pseudoephedrine that was thrown from Powers's vehicle during the chase.  The bottle was traced to a

Jackson, Missouri pharmacy where Powers had purchased pseudoephedrine earlier that day.

Later that day, Powers agreed to surrender to the authorities. He was arrested at his cousin's house in Advance, Missouri. A consent search of the shed behind Powers's parents' house led to the discovery of a coffee grinder with pseudoephedrine residue and various paraphernalia associated with the manufacture of methamphetamine. A review of pharmacy pseudoephedrine purchase logs also revealed that Powers had purchased 72.52 grams of pseudoephedrine between November 1, 2008 and April 21, 2009.

On May 21, 2009, a grand jury returned an indictment charging Powers with one count of possessing pseudoephedrine with intent to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(1). Powers pled guilty to the charge. It was undisputed that his sentencing guideline range was 108-135 months. In January 2010, Powers was sentenced to 135 months imprisonment.

After Amendment 782 to the Sentencing Guidelines retroactively lowered the base offense level for most drug offenses by two levels, See United States v. Thomas, 775 F.3d 982, 982 (8th Cir. 2014) (per curiam), Powers filed a motion pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence to 87 months. The amended range for Powers's offense was 87 to 108 months. The government argued that Powers should receive a reduction to 108 months because the court initially sentenced him to the high end of the range that applied at the time of the initial sentencing. The district court agreed and reduced Powers's sentence to 108 months. Powers filed a motion to reconsider, renewing his request to reduce his sentence to the low end of the amended Guidelines range. The district court denied Powers's motion to reconsider, and Powers appealed.

II.

"We review a district court's decision under § 3582(c)(2) to reduce a sentence and the extent of any reduction for an abuse of discretion." United States v. Burrell, 622 F.3d 961, 964 (8th Cir. 2010) (citation omitted). Section 3582(c)(2) provides that, for a defendant who was sentenced pursuant to a guideline range subsequently lowered by the Sentencing Commission, the district court "may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The § 3553(a) factors include "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed– (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(A)-(C). "A district court abuses its discretion when 'it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors.'" United States v. Denton, --- F.3d ----, No. 15-2085, 2016 WL 2342822, at *1 (8th Cir. May 3, 2016) (quoting United States v. Miner, 544 F.3d 930, 932 (8th Cir. 2008)). The district court has wide latitude in weighing the § 3553(a) factors to determine an appropriate sentence. United States v. Jackson, 481 F. App'x 285, 287 (8th Cir. 2012) (per curiam) (unpublished) (citation omitted).

The court should also consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and the "post-sentencing conduct of the defendant." Burrell, 622 F.3d at 964 (quoting U.S.S.G. § 1B1.10(b)(1) cmt. n. 1(B)(ii) and (iii)). In resentencing, the district court is to "substitute the amended Guidelines range while

'leav[ing] all other guideline application decisions unaffected.'" Dillon v. United States, 560 U.S. 817, 821 (2010) (quoting U.S.S.G. § 1B1.10(b)(1)).

Powers argues that the district court abused its discretion in declining to reduce his sentence below 108 months imprisonment. According to Powers, the district court did not adequately weigh Powers's good post-conviction conduct and abused its discretion by considering Powers's flight from the police because that aspect of his offense was already reflected in the obstruction of justice enhancement at sentencing.

Although an obstruction of justice enhancement increased Powers's base offense level at sentencing, the district court did not abuse its considerable discretion by imposing a sentence at the high end of the amended guideline range. If a factor has already been taken into account by the applicable Guideline, a court may impose a sentence within the guideline range based on the factor where it "is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." Koon v. United States, 518 U.S. 81, 96 (1996) (citation omitted); see also United States v. Pena, 339 F.3d 715, 719 (8th Cir. 2003) ("It stands to reason that because a factor can, on occasion, be considered for a second time in imposing an upward departure, a factor can also sometimes be considered for a second time in imposing a sentence *within* the Guideline range.") (emphasis in original). Here, Powers did not merely obstruct justice by refusing to cooperate with law enforcement officers – he nearly ran over an officer with his vehicle and drove his vehicle at extremely high rates of speed, placing the lives of law enforcement officers and others in jeopardy. As for Powers's good post-conviction conduct, the district court considered Powers's good behavior but weighed it against the seriousness of Powers's high speed flight from the police and concluded that a reduction at the high end of the amended range was appropriate. From this record, we conclude the district court adequately weighed the § 3553(a) factors and examined Powers's post-conviction conduct in determining Powers's amended sentence.

Furthermore, both the original sentence and the amended sentence were imposed at the high end of the guideline range. We typically affirm amended sentences that are in proportion to the initial sentence. See Burrell, 622 F.3d at 965 (discussing cases in which we affirmed an amended sentence imposed by the district court because of the proportionality between the initial sentence and the amended sentence); United States v. Clark, 563 F.3d 722, 724-25 (8th Cir. 2009) (concluding that the district court fully considered and adequately addressed the relevant § 3553(a) factors based on the district court's determination that sentences at the top of the respective guideline ranges were appropriate following both the initial sentencing and the § 3582 proceedings). We find that the district court did not abuse its discretion in imposing a reduced sentence at the top of the amended guideline range. The district court properly substituted the amended range while leaving all other guideline application decisions unaffected.

III.

For the foregoing reasons, we find no abuse of discretion in reducing Powers's sentence to 108 months. Accordingly, we affirm the order of the district court.

_____