# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2339
_____

United States of America

*Plaintiff - Appellee*

v.

Wendell Raymone Jones

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota - St. Paul
_____

Submitted: May 31, 2016
Filed: August 30, 2016
[Unpublished]
_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.
_____

PER CURIAM.

In August 2008, Wendell Raymone Jones fled from police who were conducting a controlled buy of crack cocaine. During the ensuing chase, Jones drove over 100 miles per hour, sideswiped an unmarked police car, threw crack cocaine out his window, crashed into a moving car, and finally careened into a parked car. The parked car jolted forward and severely injured two bystanders; one required a leg

amputation. Jones pleaded guilty to possession with intent to distribute 50 or more grams of crack cocaine, an offense triggering a mandatory minimum sentence of 120 months in prison. See 21 U.S.C. § 841(b)(1)(A) (2009). In 2009, the district court[1] enhanced Jones's advisory guidelines range for his "reckless endangerment during flight," U.S.S.G. § 3C1.2, and imposed a 132-month sentence. The court emphasized the "extreme danger" Jones created and the "terrible tragedy" he caused.

In 2011, Jones moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) based upon Amendments 748 and 750 to the advisory guidelines. He requested a 12-month reduction, recognizing that he was not eligible for a reduction below the 120-month mandatory minimum in effect when he was sentenced. See United States v. Moore, 734 F.3d 836, 838 (8th Cir. 2013); U.S.S.G. § 1B1.10, comment. (n.1). The district court denied the motion, ruling that Jones was eligible for a sentence reduction but declining to grant relief. The original sentence was appropriate, the court concluded, given "the high-speed chase, the endangerment of police officers, and the severe injuries to bystanders." Jones did not appeal that ruling.

In May 2015, Jones brought this motion, again seeking a 12-month sentence reduction under § 3582(c)(2), based upon Amendment 782 to the advisory guidelines. The district court again concluded Jones was eligible for § 3582(c)(2) relief but denied the motion for the same reasons:

> [I]n deciding whether to exercise discretion to reduce Jones' sentence, the Court considers factors such as the nature and circumstances of Jones' offense. As was true in 2012, the circumstances of Jones' offense weigh against exercising discretion to reduce his sentence, particularly the high-speed chase, the endangerment of police officers, and the

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

severe injuries to bystanders. In this Court's judgment, a sentence of 132 months is just and fair under the totality of the circumstances.

Jones appeals this second denial of a 12-month sentence reduction, arguing the district court abused its discretion because it "focused too heavily on the circumstances of his offense," which were "already taken into account" by the reckless-flight enhancement, and "failed to give adequate attention to" mitigating factors -- his post-conviction "progress toward rehabilitation" and the extent to which the Sentencing Commission has reduced the guidelines range for his offense. The parties agree Jones was eligible for a sentence reduction; we assume, without deciding, they are correct. The government does not challenge our authority to review the reasonableness of the district court's § 3582(c)(2) ruling under 18 U.S.C. § 3742(a) and Dillon v. United States, 560 U.S. 817 (2010). Compare United States v. Bowers, 615 F.3d 715, 720-28 (6th Cir. 2010), with United States v. Dunn, 728 F.3d 1151, 1155-58 (9th Cir. 2013), and id. at 1160-63 (O'Scannlain, J, concurring).

Section 3582(c)(2) provides that a district court "may reduce" an eligible defendant's prison term. The grant of § 3582(c)(2) relief is discretionary. See Dillon, 560 U.S. at 827. In deciding whether to exercise this discretion, "a district court (i) shall consider the § 3553(a) sentencing factors, (ii) shall consider the danger to any person or the community that may be posed by a sentence reduction, and (iii) may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." United States v. Boyd, 819 F.3d 1054, 1056 (8th Cir. 2016), quoting U.S.S.G. § 1B1.10, comment. (n.1(B)). The court has "wide latitude" in weighing those factors. United States v. Powers, No. 15-1671, 2016 WL 3671507, at *2 (8th Cir. July 11, 2016).

Here, the district court concluded that a sentence reduction was not warranted given Jones's reckless behavior, the grave harm he caused, and his proven risk to the public. In deciding whether to grant Jones a § 3582(c)(2) sentence reduction, the

-3-

court did not abuse its discretion by reexamining the dangerous and harmful circumstances that resulted in a reckless-flight enhancement of his initial guidelines range. See Powers, 2016 WL 3671507, at *2. The court was aware of the mitigating factors urged by Jones but chose to give more weight to aggravating factors. There was no abuse of the district court's substantial discretion. See United States v. Hernandez-Marfil, No. 15-1595, 2016 WL 3176471, at *1 (8th Cir. June 7, 2016) (standard of review).

The order of the district court dated June 8, 2015, is affirmed.

_____