# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2165
_____

United States of America

*Plaintiff - Appellee*

v.

Blain DeHosse

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: April 12, 2021
Filed: June 25, 2021
[Unpublished]
_____

Before SMITH, Chief Judge, COLLOTON and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Blain DeHosse pled guilty to possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), as well as possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

The district court[1] imposed an above-Guidelines 46-month sentence on the drug count, followed by a consecutive statutory minimum 60-month sentence on the firearm count. DeHosse appeals, asserting that a 46-month sentence for possession with intent to distribute heroin is substantively unreasonable. We affirm.

On June 24, 2019, law enforcement found DeHosse unconscious behind the wheel of his vehicle in a restaurant parking lot and, in plain view, a pipe containing suspected marijuana. A search of his vehicle revealed two unloaded firearms, a gram of heroin, scales, cash, and more than two dozen Xanax pills. DeHosse admitted that over the course of several months he supplied five or six customers up to 3.5 grams of heroin.

At sentencing, the district court correctly calculated the Sentencing Guidelines range as 24 to 30 months' imprisonment on the charge for possession with intent to distribute. Although the government and DeHosse sought a sentence within the Guidelines range, the district court, after weighing the 18 U.S.C. § 3553(a) factors, varied upward. The court's upward variance was based on several aggravating factors, including: (1) the devastating impact of heroin on the community and the overdose death of DeHosse's previous customer (from another heroin distributor); (2) the fact that DeHosse was being held accountable for only 1 gram of heroin when that quantity under-represented his criminal conduct, which involved selling heroin to many different customers in quantities from .1 to 3.5 grams for several months; (3) DeHosse's extensive criminal history set forth in 31 paragraphs in the Presentence Investigation Report; (4) the high likelihood of recidivism unless DeHosse "makes extreme changes in his life;" and (5) the need for deterrence, to protect the public, and to avoid sentencing disparities. In mitigation, the court considered: (1) DeHosse's extensive addiction; (2) his self-observations and desire to change his lifestyle; (3) the

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

-2-

firearms were not being actively used or loaded; (4) his early admissions and acceptance of responsibility; (5) his youthfulness; and (6) the strong support he has from family and friends.

DeHosse asserts his sentence is substantively unreasonable because it was greater than necessary to satisfy the sentencing goals, and the district court failed to give appropriate weight to certain mitigating factors, especially the small amount of heroin attributable to him, his acceptance of responsibility, and his addiction. He also contends that it was improper for the court to consider a former customer's overdose death when the heroin that caused that death came from a different source than him. We disagree.

DeHosse "bears the burden of proving that his sentence is unreasonable." See United States v. Luleff, 574 F.3d 566, 569 (8th Cir. 2009). "We review all sentences, whether inside or outside the Guidelines range, under a deferential abuse of discretion standard." United States v. Pepper, 518 F.3d 949, 951 (8th Cir. 2008). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (cleaned up).

Here, the district court considered the mitigating factors but weighed them differently than the parties did. The court was within its broad discretion to place greater weight on the aggravating factors, such as the seriousness of the offense combined with DeHosse's extensive criminal history, likely recidivism, and the risk to public safety. See United States v. Thorne, 896 F.3d 861, 865-66 (8th Cir. 2018) (per curiam) (affirming an upward variance for an under-represented criminal history, likely recidivism, or risk to public safety). The district court did not improperly rely on DeHosse's former customer's overdose death, as heroin's dangerousness is a

consideration that may warrant an upward variance.  See, e.g., United States v. Denson, 967 F.3d 699, 709 (8th Cir. 2020) (finding no abuse of discretion for an upward variance "because of the seriousness of the offense, highlighting heroin's dangerousness and the actual deaths of individuals" involved in the conspiracy).

The court thoroughly explained permissible reasons for varying upward from the applicable Sentencing Guidelines range.  We find no abuse of discretion and affirm.

_____