# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-1282

_____

United States of America

*Plaintiff - Appellee*

v.

Xavier Sean Boyd

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 16, 2026
Filed: June 11, 2026
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Xavier Boyd pled guilty, pursuant to a plea agreement, to three counts of robbery of a United States postal worker, in violation of 18 U.S.C. § 2114(a), and two counts of brandishing a firearm in furtherance of a crime of violence, in violation

of 18 U.S.C. § 924(c)(1)(A)(ii).  The district court[1] sentenced Boyd to a total term of imprisonment of 255 months, followed by four years of supervised release.  Boyd appeals his sentence and asserts that the appeal waiver contained in his plea agreement is unenforceable.  Having jurisdiction under 28 U.S.C. § 1291, we enforce the appeal waiver and dismiss the appeal.

"When pleading guilty, defendants may choose to waive appellate rights." United States v. Williams, 81 F.4th 835, 839 (8th Cir. 2023).  "An appeal waiver requires dismissal of an appeal if the plea agreement and waiver were entered into knowingly and voluntarily, if the appeal falls within the scope of the waiver, and if dismissal of the appeal would not result in a miscarriage of justice."  United States v. Hayes, 174 F.4th 1092, 1101 (8th Cir. 2026) (citation omitted).  "We review the validity and applicability of an appeal waiver *de novo*."  Williams, 81 F.4th at 839.

The written plea agreement between Boyd and the Government specifically recites that Boyd "has been fully apprised by defense counsel of [his] rights concerning appeal and fully understands the right to appeal the sentence." Regarding sentencing issues, the plea agreement provides that Boyd waives the right to appeal "all sentencing issues other than Criminal History" if "the Court accepts the plea, and after determining a Sentencing Guidelines range, sentences [Boyd] within or below that range," which the Court did here.  Boyd does not argue that he did not enter into the plea agreement or appeal waiver knowingly or voluntarily or that his challenge to his sentence does not fall within the scope of the wavier. Instead, he argues only that enforcement of the appeal wavier would result in a miscarriage of justice.

"The miscarriage-of-justice exception 'is a narrow one' that 'arise[s] in only limited contexts.'"  Williams, 81 F.4th at 840 (alteration in original) (citation omitted).  We have recognized that this exception may apply where the district court

---

[1]The Honorable Matthew T. Schelp, United States District Judge for the Eastern District of Missouri.

imposes an illegal sentence, the district court relies on constitutionally impermissible factors, the Government violates the plea agreement, or the defendant asserts claims of ineffective assistance of counsel. Id.; United States v. Woods, 346 F.3d 815, 818 (8th Cir. 2003). According to Boyd, the district court did not explain why it imposed the 255-month term of imprisonment, making it impossible to determine whether the sentence relied on constitutionally impermissible factors. Boyd further asserts that, because plea agreements should be strictly construed with any ambiguities resolved in favor of a defendant's appellate rights, see United States v. Andis, 333 F.3d 886, 890 (8th Cir. 2003) (en banc), the uncertainty about what factors the district court may have relied on in fashioning Boyd's sentence counsels that "Boyd's arguments . . . are valid and appropriate appellate issues."

We disagree. This Court has cautioned that the miscarriage of justice "exception is a narrow one and will not be allowed to swallow the general rule that waivers of appellate rights are valid." Id. at 891. Boyd claims the exception applies because the district court *may* have relied on constitutionally impermissible factors. Without more, we decline to consider his appeal as advancing a claim that the district court did rely on constitutionally impermissible factors. Despite Boyd's efforts to recast his claim, he offers a routine claim of procedural error that the district court did not sufficiently explain its chosen sentence. This is nothing more than an attempted end run around the appeal waiver. See Williams, 81 F.4th at 841 (concluding that defendant's speculative claim about ineffective assistance of counsel "amounts to little more than an attempted end run around the waiver to attack his sentence"). Accordingly, we reject Boyd's contention that enforcement of the appeal waiver results in a miscarriage of justice.

For the foregoing reasons, we enforce the appeal wavier and dismiss the appeal.

_____