# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1236

_____

United States of America,

        Appellee,

    v.

Humberto Rivera-Moreno, also known
as Beto, also known as Erik
Moctezuma, also known as Erik
Moctezuma-Espindola, also known as
Eduardo Rivera-Moreno, also known
as Jose Chavez,

        Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* District of Nebraska.
\*
\* [UNPUBLISHED]
\*
\*
\*
\*
\*
\*

_____

Submitted: December 27, 2005
Filed: January 10, 2006

_____

Before MELLOY, HANSEN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

    Humberto Rivera-Moreno (Rivera) appeals the sentence the district court[1] imposed after a jury found him guilty of conspiring to distribute and possess with intent to distribute 5 kilograms or more of cocaine, 500 grams or more of

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

methamphetamine, and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), 846; and possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). For reversal Rivera argues that his sentence is excessive and not reasonable under the Fifth and Sixth Amendments, because the "dramatic" reduction in drug quantity from that recommended by the presentence report to that found by the district court at sentencing did not result in a corresponding reduction in Rivera's Sentencing Guidelines offense level. For the following reasons, we affirm.

We note that the 292-month prison term for the drug conspiracy does not involve a Sixth Amendment violation under United States v. Booker, 125 S. Ct. 738, 756 (2005), because the district court considered only the drug quantities and role adjustment found by the jury; and that the consecutive 60-month prison term for the firearm offense was the minimum mandated by 18 U.S.C. § 924(c)(1)(A)(i).

A sentence within the applicable Guidelines range is presumptively reasonable and the burden is on the appellant to rebut that presumption. United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir. 2005). We conclude that Rivera's sentence is not unreasonable: the district court correctly determined the Guidelines imprisonment range for the conspiracy count based on the jury's findings; chose a sentence at the bottom of that range; and indicated the sentence was based on the court's consideration of 18 U.S.C.§ 3553(a)(2)(A) and (a)(2)(B). See Booker, 125 S. Ct. at 765-66 (standard of review; § 3553(a) will guide appellate courts in determining whether sentence is unreasonable); Lincoln, 413 F.3d at 717-18.

Accordingly, we affirm the judgment of the district court.

_____