# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2408

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Jose Manuel Avalos Banderas, | * | |
| also known as Jose Avalos, | * | [UNPUBLISHED] |
| also known as Gallo, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 1, 2011
Filed: March 4, 2011

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Jose Banderas appeals his conviction and the 365 month sentence imposed by the district court[1] after a jury found him guilty of conspiring to distribute and to possess with intent to distribute at least 500 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1). His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

U.S. 738 (1967), and Banderas has filed a pro se supplemental brief. Banderas argues that (1) counsel was ineffective; (2) he was convicted, and his sentence was enhanced for obstruction of justice, under a preponderance-of-the-evidence standard; (3) his criminal history score is incorrect; (4) the drug-quantity calculation and obstruction-of-justice enhancement are erroneous; (5) the court improperly weighed the sentencing factors; and (6) the evidence is insufficient to support the conviction and the enhancement.

Banderas's claim that he was convicted under a preponderance-of-the-evidence standard is belied by the record, which reflects that the jury was instructed to convict him only if it found the elements of the offense beyond a reasonable doubt. Further, the evidence at trial, which we must view in the light most favorable to the verdict, was sufficient to convict Banderas of the charged offense. See United States v. Hoover, 543 F.3d 448, 452 (8th Cir. 2008) (standard of review).

Reviewing the sentence for abuse of discretion, we first ensure that the district court committed no significant procedural error--such as misapplying the Guidelines, failing to consider the 18 U.S.C. § 3553(a) factors, or failing to explain the sentence--and then we consider the substantive reasonableness of the sentence. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). After careful review, we conclude that the court committed no procedural error. See id. (discussing procedural error). The evidence at the sentencing hearing amply supports the court's conclusion that Banderas engaged in conduct warranting the obstruction-of-justice enhancement when he made threatening statements during his trial to the witnesses testifying against him, see U.S.S.G. § 3C1.1 & comment. (n.4(A)); United States v. Molina, 172 F.3d 1048, 1058 (8th Cir. 1999) (standard of review); and the court properly applied a preponderance-of-the-evidence standard, see United States v. Whiting, 522 F.3d 845, 850 (8th Cir. 2008) (government bears burden of proving facts to support obstruction-of-justice enhancement by preponderance of evidence). We review Banderas's challenge to his criminal history score for plain error because he

did not raise the issue below, see United States v. McKay, 431 F.3d 1085, 1095 (8th Cir. 2005), and we find no error, plain or otherwise, because the district court properly counted separately two prior sentences for criminal conduct that was separated by an intervening arrest. See U.S.S.G. § 4A1.2(a)(2) (prior sentences always are counted separately if they were imposed for offenses that were separated by an intervening arrest). We decline to review Banderas's drug-quantity challenge because he withdrew his drug-quantity objection at sentencing. See United States v. Thompson, 289 F.3d 524, 526-27 (8th Cir. 2002). We also find nothing indicating that the court improperly weighed any sentencing factor, and we conclude that the sentence is not substantively unreasonable. See United States v. Johnston, 533 F.3d 972, 978-79 (8th Cir. 2008) (sentence at high end of range not unreasonable where nothing indicated court based it on improper or irrelevant factor, failed to consider relevant factor, or made clear error of judgment).

Finally, we decline to consider in this direct appeal Banderas's claim that counsel was ineffective, see United States v. Bauer, 626 F.3d 1004, 1009 (8th Cir. 2010), and having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we affirm the district court's judgment, and we grant counsel's motion to withdraw, subject to counsel informing Banderas about procedures for seeking rehearing or filing a petition for certiorari.

_____