# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2767

_____

United States of America

*Plaintiff - Appellee*

v.

Adam Ray Fernandez

*Defendant - Appellant*

_____

No. 12-2774

_____

United States of America

*Plaintiff - Appellee*

v.

Jonathon Patrick Curry

*Defendant - Appellant*

_____

No. 12-2784

_____

United States of America

*Plaintiff - Appellee*

v.

William Earl Mefford

*Defendant - Appellant*

_____

No. 12-2787

_____

United States of America

*Plaintiff - Appellee*

v.

Terrent Allen Chronister

*Defendant - Appellant*

_____

No. 12-3358

_____

United States of America

*Plaintiff - Appellee*

v.

John Sharp

*Defendant - Appellant*

_____

_____

Submitted: March 11, 2013
Filed: April 1, 2013
[Published]

_____

Before MURPHY, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In these consolidated appeals from the Western District of Arkansas the appellants all challenge the constitutionality of a provision of the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16901 et seq, under which they were convicted. Appellants argue that SORNA violates the nondelegation doctrine of the United States Constitution by giving the Attorney General authority to determine its applicability to sex offenders convicted before the statute's enactment. The district courts[1] upheld the constitutionality of the Act. The defendants appeal, and we affirm.

SORNA requires persons convicted of sex crimes to register and update information about their whereabouts, employment, and other personal information. For persons whose convictions predate the passage of SORNA, the Act specifies that the "Attorney General shall have the authority to specify the applicability of the requirements of this subchapter." 42 U.S.C. § 16913(d). Although SORNA was passed in 2006, the Attorney General did not explicitly apply its registration

_____

[1]The Honorable Judge Robert Dawson, United States District Judge for the Western District of Arkansas, and the Honorable Judge Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

requirements to preenactment offenders until 2007. This resulted in conflicting decisions by the courts as to whether the Act applied to preenactment offenders from the date of its enactment in 2006 or only after the Attorney General's decision in 2007. This court had decided that the Act applied to SORNA offenders from the date of its enactment. United States v. May, 535 F.3d 912, 919 (8th Cir. 2008). Subsequently the Supreme Court ruled to the contrary, holding that SORNA did not apply to preenactment offenders until such time as the Attorney General "validly specifies that the Act's registration provisions apply to them," which he did not do until 2007. Reynolds v. United States, 132 S.Ct. 975, 980 (2012).

Appellants have been convicted of failing to register under SORNA; their original sex offenses all predated the statute's enactment. They argue that the § 16913(d) grant of power to the Attorney General to determine the law's applicability to preenactment offenders violated the nondelegation doctrine of the United States Constitution. Prior to Reynolds, we had rejected this argument because we understood SORNA's registration requirements to apply to such offenders even without any action by the Attorney General. Appellants lacked standing at that time to raise the question now before the court. May, 535 F.3d at 921. After Reynolds was decided, the Supreme Court remanded several similar cases for our court to consider on the merits. We in turn remanded them to the district courts in which their cases originated. The presiding district courts rejected the nondelegation challenges, and the defendants appeal.

We review constitutional challenges de novo. United States v. Howell, 505 F.3d 960, 963 (8th Cir. 2010). The nondelegation doctrine arises from Article I, section I of the Constitution, which vests Congress with all legislative powers. This has been interpreted by the Supreme Court to mean that Congress cannot "transfer" or "delegate" its authority to enact legislation to another branch. See Panama Ref. Co. v. Ryan, 293 U.S. 388, 421 (1935). Congress can nevertheless delegate authority to the executive branch to implement enacted legislation, see U.S. Const. Art. II, § 3,

if it provides an "intelligible principle" to the delegee. Mistretta v. United States, 488 U.S. 361, 372 (1989). So long as Congress "clearly delineates the general policy, the public agency which is to apply it, and the boundaries of the delegated authority," it has provided an "intelligible principle." Am. Power & Light Co. v. Sec. & Exch. Comm'n, 329 U.S. 90, 105 (1946).

The Supreme Court has upheld delegations when the "intelligible principle" guiding the administrator was to set "fair and equitable" prices, Yakus v. United States, 321 U.S. 414, 426 (1944), and when the FCC regulates broadcast licenses "as public interest, convenience, or necessity" require, Nat'l Broad. Co. v. United States, 319 U.S. 190, 225–226 (1943). Indeed, with the exception of two cases in 1935, Panama Ref. Co., 293 U.S. at 388, A.L.A. Schechter Poultry Corp. v. United States, 295 U.S. 495 (1935), the Supreme Court has uniformly rejected every nondelegation challenge it has considered. See Mistretta, 488 U.S. at 373.

This court recently considered and rejected an identical challenge to SORNA in United States v. Kuehl, 2013 U.S. App. LEXIS 3373 (8th Cir. February 19, 2013). We concluded that SORNA's broad policy statement that it was designed "to protect the public from sex offenders and offenders against children" was "sufficient to provide an intelligible principle for delegation." Id. at *5–6 (citing 42 U.S.C. § 16901). This guiding principle compares favorably to other policy statements which the Court has previously upheld as providing "intelligible principles." See, e.g., Nat'l Broad. Co., 319 U.S. at 226. We also observed in Kuehl that SORNA's delegation is relatively narrow, only permitting the Attorney General to determine whether SORNA's requirements apply to offenders whose convictions predate its enactment. This is a considerably more limited and narrow question than, for example, Congress' decision to allow the United States Sentencing Commission to create federal sentencing guidelines. See Kuehl, 2013 U.S. App. at *6–7; Mistretta, 488 U.S. at 374–79.

SORNA's relatively narrow delegation of authority to the Attorney General is guided by an intelligible principle and is consistent with the requirements of the nondelegation doctrine. Moreover, we remain bound by our earlier decision in <u>Kuehl</u>. We thus affirm the district court decisions under review here.

_____