# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1595

_____

United States of America

*Plaintiff - Appellee*

v.

Leobardo Hernandez-Marfil

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: March 14, 2016
Filed: June 7, 2016
[Published]

_____

Before WOLLMAN, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

The district court[1] denied Leobardo Hernandez-Marfil's motion to reduce his sentence under 18 U.S.C § 3582(c)(2). He appeals, asserting that the court abused its

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

discretion by failing to adequately consider his good prison behavior. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In December 2013, Hernandez-Marfil pled guilty to conspiracy to distribute methamphetamine. His total offense level of 33, with criminal history Category I, resulted in a sentencing range of 135 to 168 months. Before sentencing, the Sentencing Commission proposed Amendment 782, lowering his total offense level to 31, for a guideline range of 120 to 135 months. In light of the proposed amendment, the parties recommended a two-level downward adjustment. The district court granted a seven-month downward variance to 128 months.

After Amendment 782 became effective in November 2014, Hernandez-Marfil moved under § 3582(c)(2) to reduce his sentence to the guideline minimum, 120 months. *See United States Sentencing Commission*, *Guidelines Manual*, Ch. 1 Part B - General Application Principles, § 1B1.10(d) (2014) (incorporating Amendment 782). The court denied the motion, noting it originally sentenced him "well aware" of the pending amendment, "took that amendment into account," and sentenced as if it "were already in place"—giving him the "practical benefit" of the amendment.

Hernandez-Marfil stresses his eligibility for a reduction under § 3582(c)(2) and the lowering of the sentencing range. He denies receiving the practical benefit of Amendment 782 because it was not yet effective and because the district court did not adequately consider his peaceful and productive conduct while incarcerated. *See United States Sentencing Commission*, *Guidelines Manual*, Ch. 1, Part B - General Application Principles, § 1B1.10, Appl. Note 1(B)(iii) (permitting courts to consider defendants' post-sentencing conduct in determining whether to reduce their sentences). Hernandez-Marfil also invokes one purpose of Amendment 782, to decrease the number of prisoners who do not seriously threaten the public. He emphasizes that his middle-age and minimal criminal history make recidivism statistically unlikely.

The decision to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion. *United States v. Burrell*, 622 F.3d 961, 964 (8th Cir. 2010) (applying the same standard as initial sentencing decisions (citing *Gall v. United States*, 552 U.S. 38, 50 (2007))). A court abuses its discretion when it commits a substantial procedural error, "such as '. . . failing to consider the § 3553(a) factors, . . . or failing to adequately explain the chosen sentence.'" *United States v. Cole*, 721 F.3d 1016, 1024 (8th Cir. 2013). "In the absence of procedural error below, we 'should consider the substantive reasonableness of the sentence imposed . . . .'" *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting *Gall*, 552 U.S. at 51).

Hernandez-Marfil was eligible for a reduction, but § 3582(c)(2) does not create a right to it. *See United States v. Long*, 757 F.3d 762, 763-64 (8th Cir. 2014) (finding eligible defendant not entitled to sentence reduction after sentencing guidelines changed). The district court has discretion to determine whether a reduction is warranted. *See United States v. Johnson*, 703 F.3d 464, 471 (8th Cir. 2013) (citing *Dillon v. United States*, 560 U.S. 817, 827 (2010)). Here, Hernandez-Marfil's 128-month sentence is within the amended guideline range, 120-135 months. This court "presume[s] that sentences within the Guidelines range are substantively reasonable." *United States v. Woodard*, 675 F.3d 1147, 1152 (8th Cir. 2012).

Hernandez-Marfil argues that the district court did not adequately consider his good prison behavior. Although "'a district court *may* consider evidence of a defendant's rehabilitation since his prior sentencing,'" it is not required to adjust a sentence. *United States v. Parker*, 762 F.3d 801, 812 (8th Cir. 2014) (quoting *Pepper v. United States*, 562 U.S. 476, 490 (2011)) (emphasis in original). Here, the district court was aware of Hernandez-Marfil's prison record. The probation office wrote the district court two months before its § 3582(c)(2) order, detailing his Bureau of Prisons record that

the defendant incurred a conduct violation for failure to stand count. As a result of this incident, he lost communication privileges for 30 days. Hernandez-Marfil has participated in educational courses such as, parenting, communication skills, electricity, home improvement, geography, photography, and self-esteem. Hernandez-Marfil's current work detail is a recreation orderly.

Acknowledging his "good conduct while in prison," the district court declined to reduce his sentence. The district court did not abuse its discretion.

The judgment is affirmed.

_____