# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1903

_____

United States of America

*Plaintiff - Appellee*

v.

Bruce Charles Tollefson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: March 6, 2017
Filed: April 6, 2017

_____

Before BENTON, BEAM, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Bruce Tollefson pled guilty in 2005 to one count of conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846 and one count of violent crime in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(3). The district court[1] sentenced him to 227 months imprisonment.

---

[1]The Honorable Ralph R. Erickson, then Chief Judge, United States District Court for the District of North Dakota.

In 2015 Tollefson moved for a sentence reduction based upon amendment 782 to the sentencing guidelines which reduced base offense levels by two for crimes involving controlled substances. The district court denied the motion. Tollefson appeals, and we affirm.

I.

Beginning in 2000, Tollefson conspired with others to distribute cocaine, methamphetamine, and marijuana. The members of the conspiracy would use violence and threats of violence to promote their drug activities. For example, during the course of the conspiracy Tollefson asked Charles Dewald to assault a coconspirator in order to prevent him from sharing information with the police. Dewald thereafter cut the coconspirator's throat with a knife. Although the coconspirator survived, the wound required approximately twenty sutures to close.

In 2005 Tollefson pled guilty to one count of conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of violent crime in aid of racketeering activity, in violation of 18 U.S.C. § 1959(a)(3). At sentencing the district court determined that his total offense level was 40 and that his criminal history category was II, resulting in a guideline range of 324 to 405 months imprisonment. The district court departed downward and sentenced Tollefson to 227 months, which accounted for 13 months Tollefson had served in state prison.

In 2014 the Chief Judge of the District of North Dakota issued a standing order appointing the Office of the Federal Public Defender for the Districts of South Dakota and North Dakota to represent all defendants in North Dakota "who may be eligible to seek a reduced sentence based upon retroactive application of Amendment 782" to the sentencing guidelines. Amendment 782 reduced base offense levels by two for crimes involving cocaine, methamphetamine, marijuana, and other controlled

substances. U.S.S.G., app. C, amend. 782. Amendment 788 made amendment 782 retroactive. U.S.S.G., app. C, amend. 788.

On May 15, 2015 Tollefson filed a pro se motion for a sentence reduction under 18 U.S.C. § 3582(c) based upon amendment 782. Tollefson argued that his new offense level was 38, making his new guideline range 262 to 327 months. After detailing his rehabilitation efforts in prison, Tollefson requested a new sentence of 165 months. On November 23, 2015 Tollefson's federal public defender filed a supplement to his pro se motion. The public defender requested a new sentence of 183 months, amounting to the same percentage reduction from the bottom end of the amended guideline range as his original sentence had been from the bottom end of the original guideline range. The government objected to any reduction to Tollefson's sentence.

On March 1, 2016 the district court denied Tollefson's motion for a sentence reduction. The court first noted that "Tollefson is eligible for a sentence reduction" under amendment 782, but it denied the reduction after considering "the policy statements issued by the Sentencing Commission and the factors set forth in 18 U.S.C. § 3553(a)." Tollefson filed a pro se motion to reconsider, which the district court denied. Tollefson appeals.

II.

Tollefson argues that the district court violated his Sixth Amendment right to proceed pro se when it "forced [counsel] upon him such that Tollefson had no opportunity to present his case in his own way." We review de novo this constitutional challenge. See United States v. Fernandez, 710 F.3d 847, 849 (8th Cir. 2013) (per curiam). Under the Sixth Amendment, "[i]n all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defence." U.S. Const. amend. VI. In Faretta v. California, 422 U.S. 806, 807 (1975), the Supreme Court

held that the Sixth Amendment protects the right of a defendant "to proceed without counsel when he voluntarily and intelligently elects to do so."

The Supreme Court has since held that its holding in Faretta "was confined to the right to defend oneself at trial" and that the "Sixth Amendment does not include any right to appeal." Martinez v. Court of Appeal of Cal., 528 U.S. 152, 154, 160 (2000). The Court based this holding on the fact that the text of the Sixth Amendment limits its protection to the "preparation for trial and at the trial itself" and that the right of appeal "is purely a creature of statute." Id. at 160 (internal quotation marks omitted). This reasoning applies equally to postconviction sentence reduction proceedings. The Supreme Court has also held that a pro se defendant's Sixth Amendment rights are not violated by the "unsolicited participation" of standby counsel "outside the presence of the jury." McKaskle v. Wiggins, 465 U.S. 168, 179 (1984). The district court therefore did not violate Tollefson's Sixth Amendment rights.

Tollefson also argues that the district court violated his due process right to be heard because it appointed the federal public defender to represent him. We review Tollefson's due process arguments de novo. See Fernandez, 710 F.3d at 849. To comply with its due process obligations, a district court must provide a defendant "adequate notice and reasonable opportunity to be heard." Stump v. Bennett, 398 F.2d 111, 114 (8th Cir. 1968) (en banc). The Supreme Court in Martinez held that defendants do not have a due process right to self representation on direct appeal of their convictions. 528 U.S. at 160. Similar to the right to proceed pro se, we find no reason why we should not extend the holding of Martinez to postconviction sentence reduction proceedings.

Tollefson argues that the district court also violated his due process right to be heard because the court waited to rule on his pro se motion for a sentence reduction until his appointed counsel filed a supplemental motion. A district court is not

-4-

required "to entertain pro se motions filed by a represented party." Abdullah v. United States, 240 F.3d 683, 686 (8th Cir. 2001). Tollefson was represented at the time he filed his pro se motion and did not indicate his intent to reject assistance from the federal public defender's office until after his attorney filed the supplemental motion. The district court thus did not violate Tollefson's due process rights.

Tollefson additionally argues that his attorney provided ineffective assistance. Because Tollefson had no right to counsel during his postconviction sentence reduction proceedings, he cannot assert a "valid claim for ineffective assistance." See United States v. Edelmann, 458 F.3d 791, 803 (8th Cir. 2006).

III.

Tollefson next argues that the district court improperly denied his motion for a sentence reduction. We review de novo a district court's determination of whether a defendant is "eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2)." United States v. Browne, 698 F.3d 1042, 1045 (8th Cir. 2012). A district court's decision "to reduce a sentence and the extent of any reduction," however, is reviewed "for an abuse of discretion." United States v. Burrell, 622 F.3d 961, 964 (8th Cir. 2010).

If the Sentencing Commission reduces a defendant's sentencing range, a district court may reduce the defendant's term of imprisonment "after considering the factors set forth in [§] 3553(a) . . . if such a reduction is consistent with applicable policy statements issued by the" Commission. 18 U.S.C. § 3582(c)(2). The district court must engage in a two part analysis. First, it must determine "'the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." Dillon v. United States, 560 U.S. 817, 827 (2010) (quoting U.S.S.G. § 1B1.10(b)(1)). The court must then "consider any applicable § 3553(a) factors and determine whether, in its discretion, the

reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Id.

Tollefson first argues that the district court erred by determining that he was categorically ineligible for a sentence reduction. The record belies this argument. The district court's order stated "Tollefson is eligible for a sentence reduction under Amendment 782." It also correctly applied step one of the § 3582(c)(2) analysis by indicating that Tollefson's amended guideline range was 262 to 327 months. It then denied Tollefson relief under step two after considering the § 3553(a) factors, the offense conduct, and his "post-sentencing accomplishments." The district court therefore did not consider Tollefson categorically ineligible for a sentence reduction.

Tollefson also argues that the district court committed procedural error by failing to consider his postsentencing rehabilitation. "Although a district court may consider evidence of a defendant's rehabilitation since his prior sentencing, it is not required to adjust a sentence." United States v. Hernandez-Marfil, 825 F.3d 410, 412 (8th Cir. 2016) (per curiam) (emphasis in original) (internal quotation marks omitted). The district court did not abuse its discretion here because it acknowledged Tollefson's postsentencing rehabilitation efforts. See id. at 412–13.

Finally, Tollefson argues that the district court's denial of his motion for a sentence reduction resulted in the imposition of an increased sentence and that the district court did not adequately explain this new sentence. Although Tollefson was eligible for a sentence reduction, "§ 3582(c)(2) does not create a right to it." See Hernandez-Marfil, 825 F.3d at 412. The district court therefore did not create a new sentence when it declined to modify his sentence.

IV.

For these reasons we affirm the district court's order.

_____