# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1829

_____

United States of America

*Plaintiff - Appellee*

v.

Marc Allen Cossette

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: March 6, 2017
Filed: April 24, 2017
[Unpublished]

_____

Before BENTON, BEAM, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Marc Cossette pled guilty to conspiracy to possess methamphetamine with intent to distribute. The district court[1] determined that his offense level under the

_____

[1]The Honorable Ralph R. Erickson, then Chief Judge, United States District Court for the District of North Dakota.

sentencing guidelines was 36 and sentenced him to 324 months imprisonment, a sentence at the bottom of the guideline range. Amendment 782 to the guidelines later reduced the applicable offense level to 34, which with his criminal history category VI led to a revised guideline sentencing range of 262 to 327 months imprisonment. See U.S.S.G., app. C., amend. 782. Cossette then moved for a sentence reduction under 18 U.S.C. § 3582(c)(2). The district court denied his motion because it found he was a danger to the community and had broken a number of rules while in prison. Cossette appeals.

We review a sentence reduction decision under 18 U.S.C. § 3582(c)(2) for abuse of discretion. United States v. Burrell, 622 F.3d 961, 964 (8th Cir. 2010). In considering a motion for a sentence reduction, a district court first determines the guideline range that would have applied if the amended guideline had been effective at the time of the initial sentence. Id. at 963. It then considers the factors listed in 18 U.S.C. § 3553(a) to decide if a reduction is appropriate including any potential danger to others. Id. at 963–64. The defendant's post sentencing conduct may also be considered. Id. at 964. Although a resentencing proceeding under § 3582(c)(2) is not considered "a full resentencing," U.S.S.G. § 1B1.10(a)(3), the court must provide a sufficient explanation to allow meaningful review on appeal, Burrell, 622 F.3d at 964.

In this case, the district court did not abuse its discretion when denying Cossette's motion for a sentence reduction after it calculated the extent of a potential reduction and in light of Cossette's violent criminal history and the danger he posed to the community. As the district court noted, he had violated rules even while in prison by twice possessing drugs or alcohol, twice assaulting another person, fighting, and being in an unauthorized location. Cossette argues that the considerations that initially led the court to sentence him at the bottom of the guideline range should have led it to reduce his sentence to the bottom of the amended range. The record makes clear, however, that the court considered the appropriate sentencing factors,

adequately explained its reasoning, and did not abuse its discretion in denying the requested relief.

For these reasons we affirm the order of the district court.

_____