# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1784

_____

United States of America

*Plaintiff - Appellee*

v.

Humberto Rivera-Moreno, also known as Beto, also known as Erik Moctezuma,
also known as Erik Moctezuma-Espindola, also known as Eduardo
Rivera-Moreno, also known as Jose Chavez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 8, 2017
Filed: May 18, 2017
[Unpublished]

_____

Before RILEY, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Humberto Rivera-Moreno appeals the district court's[1] denial of his 18 U.S.C.
§ 3582(c)(2) motion for a sentence reduction. He argues that the court abused its

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District
of Nebraska.

discretion when it denied a sentence reduction citing public safety concerns. With jurisdiction under 28 U.S.C. § 1291, we affirm.

In September 2004, a jury convicted Rivera-Moreno of one count of conspiring to distribute and possess with intent to distribute 5 kilograms or more of cocaine, 500 grams or more of methamphetamine, and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), 846; and possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). United States v. Rivera-Moreno, 161 F. App'x 622 (8th Cir. 2006) (per curiam).

At sentencing, the district court limited the drug quantities to be considered for sentencing purposes to the amounts of cocaine, methamphetamine, and cocaine base set forth in the jury instructions. It determined that Rivera-Moreno's offense level was 38 with a criminal history category of III, which resulted in a Guideline sentencing range of 292 to 365 months imprisonment. The district court sentenced Rivera-Moreno to 292 months imprisonment on the conspiracy count and 60 months imprisonment on the firearm count, with the sentences to run consecutively.

In September 2009, the parties jointly stipulated that a retroactive amendment to the Sentencing Guidelines reduced Rivera-Moreno's base offense level to 32 and his Guideline range to 235 to 293 months imprisonment. The district court thereafter reduced Rivera-Moreno's sentence on the conspiracy count to 235 months imprisonment. The sentence on the firearm count remained the same and the sentences continued to run consecutively.

In 2016, Rivera-Moreno filed a motion for further sentence reduction, arguing that he is eligible for a reduction to 188 months on the conspiracy count pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Commission, Guidelines Manual, § 1B1.10(d) (Nov. 2016) (amended by Amendment 782, USSG App. C, at 63). The government acknowledged that Rivera-Moreno was indeed eligible for a

sentence reduction but opposed any reduction. The district court adopted the government's position and denied the motion. The court explained, "I especially find and conclude that an additional sentence reduction is unwarranted if I am 'to protect the public from further crimes of the defendant' [under] [18] U.S.C. § 3553(a)(2)(C)."

We review a district court's denial of a § 3582(c)(2) sentence reduction for abuse of discretion. United States v. Burrell, 622 F.3d 961, 964 (8th Cir. 2010).

> In considering a motion for a sentence reduction, a district court first determines the guideline range that would have applied if the amended guideline had been effective at the time of the initial sentence. It then considers the factors listed in 18 U.S.C. § 3553(a) to decide if a reduction is appropriate including any potential danger to others. The defendant's post sentencing conduct may also be considered. Although a resentencing proceeding under § 3582(c)(2) is not considered "a full resentencing," U.S.S.G. § 1B1.10(a)(3), the court must provide a sufficient explanation to allow meaningful review on appeal . . . .

United States v. Cossette, No. 16-1829, 2017 WL 1437284, at *1 (8th Cir. Apr. 24, 2017) (per curiam) (citations omitted).

Although eligible under § 3582(c)(2), Rivera-Moreno does not possess an entitlement to sentence reduction. See United States v. Hernandez-Marfil, 825 F.3d 410, 412 (8th Cir. 2016). Nevertheless, Rivera-Moreno asserts that the district court overstated the danger to the public from crimes which he might commit upon an early release from prison. Rivera-Moreno acknowledges that he has been the subject of five disciplinary reports while incarcerated, including destroying property, refusing to obey an order, and assault without serious injury. Additionally the district court noted that Rivera-Moreno has been disciplined for participating in a fight which included numerous gang members. While Rivera-Moreno points out that he has "taken various self improvement/interest courses and completed the drug education program," the district court did not abuse its discretion in concluding that these

-3-

efforts at rehabilitation are outweighed by factors including Rivera-Moreno's criminal history, prison misconduct, and the threat he poses to the public. While "'a district court *may* consider evidence of a defendant's rehabilitation since his prior sentencing,'" it is not required to reduce the sentence. United States v. Parker, 762 F.3d 801, 812 (8th Cir. 2014) (quoting Pepper v. United States, 562 U.S. 476, 490 (2011)); see also United States v. Ruelas-Mendez, 556 F.3d 655, 657 (8th Cir. 2009) (no abuse of discretion where the district court gave less weight to factors favoring the defendant).

Finally, Rivera-Moreno argues that a sentence reduction will not impact public safety because he will be deported upon his release from prison. However, according to the presentence report, in January 2002 Rivera-Moreno was sentenced to 90 days imprisonment for illegally entering the United States and was subsequently deported, only to illegally re-enter the country. Further, he committed the instant offenses while on probation. Thus, there is no guarantee that deportation will protect the public from Rivera-Moreno's propensity for criminal activity. Id. ("Under the deferential abuse-of-discretion standard[,] . . . the court has substantial latitude to determine how much weight to give the various factors under § 3553(a).").

The record in this case confirms that the district court considered appropriate factors and did not abuse its discretion in denying the requested sentence reduction. Accordingly, the district court's order is affirmed.

_____