United States Court of Appeals
For the Eighth Circuit
No. 16-1517

United States of America,

*Plaintiff - Appellee,*

v.

Jose Manuel Avalos Banderas, also known as Jose Avalos, also known as Gallo,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: January 9, 2017
Filed: June 6, 2017

_____

Before COLLOTON, MURPHY, and MELLOY, Circuit Judges.

_____

COLLOTON, Circuit Judge.

In 2010, Jose Banderas was convicted of conspiracy to distribute and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. At sentencing, the district court[1] adjusted the advisory guideline range upward based

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

on obstruction of justice, *see* USSG § 3C1.1, because Banderas made several threats to prospective witnesses. The court then sentenced Banderas to the top of the advisory range of 292 to 365 months' imprisonment. The court explained that he "is a dangerous individual and will harm someone – and holds potential to harm someone if he is not incapacitated for a very long time, and that is in form my sentence, among other things." Banderas appealed, and we affirmed. *United States v. Banderas*, 411 F. App'x 932 (8th Cir. 2011) (per curiam).

In 2016, Banderas moved to reduce his sentence under 18 U.S.C. § 3582(c) based on Amendment 782 to the sentencing guidelines. The amendment reduced by two levels the offense levels assigned to the drug quantities that trigger statutory mandatory minimum penalties incorporated in USSG § 2D1.1. The effect in this case was to reduce Banderas's total offense level from 38 to 36, resulting in an amended guideline range of 235 to 293 months' imprisonment.

Banderas urged the district court to impose a sentence of 235 months, citing his alleged post-sentencing rehabilitation, his age, and his status as a Mexican citizen who is likely to be removed after his sentence is served. The government recommended a sentence at the top of the amended range because of Banderas's violent history and the danger he presents to society.

The district court reduced Banderas's sentence to 293 months, the top of the amended range, explaining that Banderas "is potentially a very dangerous person." Banderas appeals, arguing that the district court abused its discretion by not reducing the sentence further.

Under § 3582(c)(2), a defendant may move for a reduced sentence if he was sentenced based on a "sentencing range that has subsequently been lowered . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The relevant policy statement, USSG § 1B1.10, sets forth

factors for consideration in determining the appropriateness and extent of a reduction under § 3582(c)(2). The policy statement and accompanying commentary direct the court to consider the factors set forth in § 3553(a) and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." USSG § 1B1.10, comment. (n.1(B)(i) & (ii)). The commentary also states that the court "may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." *Id.* at comment. (n.1(B)(iii)). We review a district court's reduction under § 3582(c)(2) for abuse of discretion. *United States v. Denton*, 821 F.3d 1012, 1013 (8th Cir. 2016).

Both Banderas's original sentence and amended sentence were imposed at the top of the guideline range. A court generally acts within its discretion by imposing an amended sentence that is "in proportion to the initial sentence." *United States v. Powers*, 828 F.3d 731, 735 (8th Cir. 2016) (per curiam).

Banderas complains, however, that the court abused its discretion by considering public safety issues that were already taken into account in establishing the guideline range. The guidelines refute this contention. "In determining the sentence to impose within the guideline range, . . . the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." USSG § 1B1.4. Thus, the court properly may consider factors that determine the guideline range in deciding where within the range to sentence a defendant. *United States v. Cruzado-Laureano*, 527 F.3d 231, 236-37 (1st Cir. 2008).

Banderas argues that the court gave too much weight to his prior convictions and too little weight to his citizenship status, age, and efforts at rehabilitation. The district court properly considered Banderas's criminal history and the danger that he would pose to the community. USSG § 1B1.10, comment. (n.1(B)(ii)). Banderas's threats to three trial witnesses and his prior convictions, which involved threatening

to kill his girlfriend, holding her captive, and physically assaulting and strangling her, were relevant to determining where he should be sentenced within the range. The court reasonably concluded that Banderas was "potentially a very dangerous person" who should receive a sentence of 293 months.

Banderas also argues that the district court gave too little weight to his post-sentencing rehabilitation, The court "may" consider such rehabilitation, USSG § 1B1.10, comment. (n.1(B)(iii)), but it is not required to reduce a sentence based on this type of evidence. *United States v. Hernandez-Marfil*, 825 F.3d 410, 412-13 (8th Cir. 2016) (per curiam). The court was aware of the other mitigating factors advanced by Banderas, including his age and citizenship status, but evidently found them outweighed by aggravating factors. The court's decision to limit the reduction as it did was within the permissible range of discretion.

The judgment of the district court is affirmed.

_____