# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2304
_____

United States of America

*Plaintiff - Appellee*

v.

Corbin Conroy

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Western

_____

Submitted: March 17, 2025
Filed: April 23, 2025
[Unpublished]

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In November 2019, Corbin Conroy pleaded guilty to interference with commerce by robbery, *see* 18 U.S.C. §§ 1951, 2, and conspiracy to use, carry, and possess a firearm in furtherance of a crime of violence, *see id.* § 924(c)(1)(A)(ii), (o). Based on a criminal history category of III and a total offense level of 22, his

advisory sentencing guidelines range was 51 to 63 months' imprisonment. The district court[1] varied upwards and sentenced him to 84 months' imprisonment.

In April 2024, Conroy moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), requesting that the district court apply a newly enacted sentencing guidelines amendment. Applying Amendment 821 would reduce his total criminal history points and result in a new guidelines range of 46 to 57 months' imprisonment. The district court denied his motion, finding that Amendment 821 applied but that a sentence reduction was unwarranted. Conroy argues that this was an abuse of discretion.

We review a district court's decision to deny a § 3582(c)(2) sentence reduction for abuse of discretion. *United States v. Burrell*, 622 F.3d 961, 964 (8th Cir. 2010). "An abuse of discretion occurs where a district court (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. Noriega*, 35 F.4th 643, 651 (8th Cir. 2022) (internal quotation marks omitted).

A district court conducts a two-step inquiry to decide whether to reduce a sentence under § 3582(c)(2). *Dillon v. United States*, 560 U.S. 817, 826 (2010). First, the district court determines whether and to what extent the defendant is eligible for a sentence reduction by calculating "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Id.* at 827 (internal quotation marks omitted). Second, it considers the § 3553(a) factors, public safety, and the defendant's post sentencing conduct to "determine whether, in its discretion," the authorized reduction "is warranted in whole or in part under the particular

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

circumstances of the case." U.S.S.G. § 1B1.10 cmt. n.1(B) (listing factors for consideration); *Dillon*, 560 U.S. at 827.

Conroy argues that, under the second step, the district court placed undue weight on his history and characteristics, the nature and circumstances of the offense, and his post-sentencing conduct, all while failing to credit his rehabilitation efforts. We disagree. "[A] district court has wide latitude to assign weight to given factors, and the district court may give some factors less weight than a defendant prefers or more weight to other factors, but that alone does not justify reversal." *Noriega*, 35 F.4th at 651 (internal quotation marks and alterations omitted). Here, the district court first pointed to Conroy's post-sentencing conduct. His Bureau of Prisons disciplinary record indicated that Conroy had destroyed property worth more than $100, refused to obey an order, moved cells without permission, refused a work assignment at least nine times, and committed assault without serious injury. Second, the district court reasoned that the nature and circumstances of Conroy's crime—brandishing a firearm and threatening a casino employee barely a month after he began supervised release for a similar casino robbery—"raise serious doubts as to whether a sentence less than 84 months would sufficiently protect the public from further crimes." Third, it found that the § 3553(a) factors confirmed that a sentence reduction was not warranted. Altogether, the district court did not commit "a clear error of judgment" when it weighed Conroy's history and characteristics, the nature and circumstances of his offense, and his post-sentencing conduct. *See Noriega*, 35 F.4th at 651.

Finally, the district court did not abuse its discretion by failing to consider Conroy's rehabilitation efforts. "Although a district court *may* consider evidence of a defendant's rehabilitation since his prior sentencing, it is not required to adjust a sentence." *United States v. Hernandez-Marfil*, 825 F.3d 410, 412 (8th Cir. 2016) (per curiam) (internal quotation marks omitted). Altogether, we discern no abuse of discretion.

Accordingly, we affirm the judgment of the district court.

_____