# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1369
_____

United States of America

*Plaintiff - Appellee*

v.

Kane Youngman

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Western
_____

Submitted: February 10, 2025
Filed: June 2, 2025
[Unpublished]
_____

Before SMITH, KELLY, and KOBES, Circuit Judges.
_____

PER CURIAM.

In 2022, Kane Youngman was convicted on one count of possession of body armor after having been convicted of a felony crime of violence, in violation of 18 U.S.C. §§ 931 and 921(a)(35), and sentenced to 27 months of imprisonment. Youngman later moved to reduce his sentence based on a retroactive change to the

United States Sentencing Guidelines. The district court[1] denied the motion, and Youngman appeals. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

In November 2023, after Youngman was sentenced, the Sentencing Guidelines were amended to reduce the impact of "status points" on the calculation of a defendant's criminal history score.[2] See USSG § 4A1.1(e). Citing this change, Youngman moved for a reduction in his sentence. See 18 U.S.C. § 3582(c)(2) (providing for a discretionary sentence reduction where a Guidelines amendment retroactively reduces the sentencing range).

The district court considered Youngman's motion in two steps. See Dillon v. United States, 560 U.S. 817, 826–27 (2010) (setting forth the "two-step approach" for reducing a sentence pursuant to a retroactive amendment). At the first step, the court determined Youngman was eligible for a reduction in his sentence because Amendment 821 had the effect of lowering his Guidelines range. See id. at 827 (explaining step one is eligibility).

But at the second step, the district court determined that a reduction was not warranted. See id. (noting step two is using discretion to determine if "the reduction

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

[2]Under the previous version of the Guidelines, a defendant received two additional criminal history points, known as status points, "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." See USSG App. C Supp., Amend. 821 (Nov. 1, 2024). After Amendment 821, a defendant with six or fewer criminal history points receives no status points, and a defendant who has seven or more criminal history points receives only one status point for "commit[ing] the instant offense while under any criminal justice sentence." USSG § 4A1.1(e).

authorized . . . is warranted"). The court noted that, while in custody, Youngman had "a number of disciplinary problems since he was sentenced" for the instant offense, including fighting, assault, and multiple instances of possession of a dangerous weapon. See USSG §1B1.10, comment. (n.1(B)(iii)) (permitting consideration of post-sentencing conduct). The court noted that Youngman had also engaged in similar problematic conduct during previous terms of incarceration. And Youngman's criminal history included "convictions for assault with a dangerous weapon, . . . escape from custody, and possession of a firearm by a prohibited person." After considering "Youngman's history and characteristics," as well as "the nature and circumstances of the [instant] offense," the court concluded that Youngman was "dangerous and would be a danger to the community if released," and denied his motion. See 18 U.S.C. § 3553(a); USSG §1B1.10, comment. (n.1(B)(ii)) (instructing courts to consider public safety).

## II.

On appeal, Youngman argues that the district court erred in denying his request for a sentence reduction. "We review a district court's decision under § 3582(c) to reduce a sentence and the extent of any reduction for an abuse of discretion." United States v. Burrell, 622 F.3d 961, 964 (8th Cir. 2010) (citation omitted). Youngman contends that the district court put too much weight on the instant offense conduct and his prior criminal convictions, which were already accounted for in both his original and amended Guideline ranges. He also challenges the court's focus on his post-sentencing conduct because the Bureau of Prisons already imposed consequences on him for his in-custody disciplinary violations. Lastly, he asserts the court should have "credit[ed] [his] rehabilitation efforts."

We discern no abuse of discretion. The district court carefully considered the record and determined Youngman was a danger to the public and that a reduction was not warranted. See USSG §1B1.10, comment. (n.1(B)); United States v. King, 818 F. App'x 575, 578 (8th Cir. 2020) (finding no abuse of discretion where district court based its denial of a sentence reduction on the defendant's "extensive criminal

-3-

history, [offense conduct], and . . . danger to the public"). In drawing this conclusion, the court was within its discretion to consider all relevant details about Youngman's conduct, regardless of whether they had factored into other punishments. See United States v. Conroy, No. 24-2304, 2025 WL 1174607, at *2 (8th Cir. Apr. 23, 2025) (affirming court's discretion to consider both in-prison disciplinary violations and offense conduct taken into account by a prior sentencing). Nor, alone, was the court's failure to consider Youngman's rehabilitation an abuse of discretion. See King, 818 F. App'x at 579 n.2 (holding no error in court's failure to consider rehabilitation because, "[a]lthough a district court *may* consider evidence of a defendant's rehabilitation since his prior sentencing, it is not required to adjust a sentence" (quoting United States v. Tollefson, 853 F.3d 481, 486 (8th Cir. 2017))).

We affirm.

_____