# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2590
_____

United States of America

*Plaintiff - Appellee*

v.

Miguel Angel Alcantar Mercado, also known as Miguel Alcantar

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: May 16, 2025
Filed: July 21, 2025

_____

Before COLLOTON, Chief Judge, SMITH and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

After pleading guilty to a drug-related offense, Miguel Alcantar Mercado was sentenced to 204 months' imprisonment, 6 months below the bottom of the United States Sentencing Guidelines (USSG) range given the nature of his offense and his criminal history. Following a retroactive amendment to the Guidelines that changed

Alcantar Mercado's sentencing range, the district court[1] considered whether to reduce his sentence and decided not to do so. Alcantar Mercado appeals, arguing that the district court failed to sufficiently explain its decision and thus erred in declining to reduce his sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Alcantar Mercado spent several months participating in a drug distribution operation, possessing and distributing more than 1,300 grams of heroin and wiring more than $45,000 in drug proceeds. Following his indictment, Alcantar Mercado pled guilty to one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The United States Probation Office prepared a Presentence Investigation Report (PSR), which calculated an advisory Guidelines range of 210 to 262 months' imprisonment. The Guidelines range calculation factored in Alcantar Mercado's criminal history, which was a category III[2] in part because Alcantar Mercado committed the drug offense "while under [a] criminal justice sentence" for other crimes. See USSG § 4A1.1(e).

The district court then sentenced Alcantar Mercado to 204 months' imprisonment, 6 months below the Guidelines range. The court noted it was required to consider the 18 U.S.C. § 3553(a) factors and had done so. It reflected that Alcantar Mercado's offense was a "very serious" one, involving a significant amount of money and drugs, and committed while Alcantar Mercado was on probation for other crimes. But the court also noted several mitigating circumstances, including Alcantar Mercado's "modest criminal history" and his family support. The court ultimately rejected Alcantar Mercado's request for a

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

[2]At the time, "a defendant received two additional criminal history points, known as status points, 'if the defendant committed the instant offense while under any criminal justice sentence.'" United States v. Youngman, No. 24-1369, 2025 WL 1554929, at *1 n.2 (8th Cir. June 2, 2025) (per curiam) (citation omitted).

downward variance to 120 months' imprisonment, deciding instead that 204 months' was "sufficient but not greater than necessary."

After Alcantar Mercado was sentenced, the Sentencing Guidelines were amended, revising the way in which criminal history categories are calculated.[3] See USSG App. C, amend. 821. The Sentencing Commission further determined that the amendment applies retroactively. Id. § 1B1.10, comment. (n.7). Under the amended Guidelines, Alcantar Mercado's criminal history is only a category II,[4] making his Guidelines range 188 to 235 months' imprisonment. See id. § 5A Table. Thus, Alcantar Mercado became eligible for a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2).

Shortly after the amendment became effective, Southern District of Iowa Chief District Judge Stephanie M. Rose adopted a procedure for handling sentence modifications related to the amendment. In re Case Procedures for Amendment 821 Cases, No. 23-AO-9-P. The Probation Office then prepared a report in which it identified Alcantar Mercado as eligible for consideration of a sentencing reduction, noted the court's comment at sentencing that "the offense was very serious involving a lot of money and drugs," and observed that Alcantar Mercado was participating in

---

[3]Following the amendment, a defendant who commits the instant offense while under another criminal justice sentence only receives additional "status" points if he has seven or more points under other criminal history subsections. See USSG App. C, amend. 821; id. § 4A1.1(e); Youngman, 2025 WL 1554929, at *1 n.2.

[4]The parties agree Alcantar Mercado had a criminal history score of five prior to the amendment: three points from relevant offenses and two "status" points because he "committed the [conspiracy] offense while under a criminal justice sentence for" two other offenses. A criminal history score of five equates to a category III criminal history. USSG § 5A Table. Following the amendment, Alcantar Mercado is not subject to the additional "status" points because he only had three other criminal history points—fewer than the seven required to trigger the additional status points. See id. § 4A1.1(e). Because a criminal history score of three places him in category II, id. § 5A Table, Alcantar Mercado's Guidelines range changed.

rehabilitative programs and incurring no disciplinary violations while in prison. The district court declined to modify Alcantar Mercado's sentence, noting—in the part of the order titled "Factors Considered Under USSG §1B1.10 and 18 U.S.C. § 3553(a)"—that "[a]lthough [Alcantar Mercado] has completed programming and received no violations while in custody, the variance that he received is consistent with his sentence at the new [G]uideline[s] range." The district court said nothing more.

On appeal, Alcantar Mercado argues the district court erred by failing to exercise its discretion to reduce Alcantar Mercado's sentence. Specifically, he asserts the district court did not provide an adequate justification for denying the sentence reduction because the court did not explain why a below-Guidelines sentence had been appropriate at the initial sentencing but a mid-range sentence was appropriate now—despite Alcantar Mercado's progress while in prison. Unlike at the initial sentencing, where the district court considered all aggravating and mitigating factors under 18 U.S.C. § 3553(a), Alcantar Mercado says, the court's reasoning in its modification order was sparse. We review the district court's sentence reduction decision for abuse of discretion. United States v. Tollefson, 853 F.3d 481, 485 (8th Cir. 2017).

Under 18 U.S.C. § 3582(c)(2), courts "may reduce the term of imprisonment" of a defendant whose sentencing range has been lowered "after considering the factors set forth in [§] 3553(a) to the extent that they are applicable." But such consideration does not require a district court to "mechanically recite the sentencing factors listed" or "make specific findings." United States v. Rodd, 966 F.3d 740, 748 (8th Cir. 2020) (citations omitted). Instead, we are generally satisfied so long as there "is evidence that the district court was aware of the relevant factors." United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008). District courts have "wide latitude" in weighing the factors. United States v. Powers, 828 F.3d 731, 734 (8th Cir. 2016) (per curiam). And because "we do not require lengthy explanations from district courts in the context of initial sentencings," we likewise "find no compelling

basis to demand more from courts when amending sentences pursuant to § 3582(c)." United States v. Clark, 563 F.3d 722, 725 (8th Cir. 2009).

Here, we are satisfied that the district court considered the relevant factors. The order denying Alcantar Mercado a sentencing modification references the § 3553(a) factors twice and calls out Alcantar Mercado's good behavior. The district court also considered the § 3553(a) factors at the original sentencing hearing, specifically addressing the seriousness of the offense and protection of the public. We "need not turn a blind eye" to those explanations. See Chavez-Meza v. United States, 585 U.S. 109, 119 (2018). Moreover, the court properly considered evidence of Alcantar Mercado's rehabilitative efforts, but "[wa]s not required to adjust [his] sentence" based upon them. See Tollefson, 853 F.3d at 486 (citation omitted). Thus, though the district court's explanation here was "less than robust," see United States v. Dailey, 958 F.3d 742, 748 (8th Cir. 2020), it was "within the permissible range of discretion," United States v. Banderas, 858 F.3d 1147, 1150 (8th Cir. 2017).

For these reasons, we affirm the judgment of the district court.

_____