# United States Court of Appeals
## For the Eighth Circuit
_____

No. 25-2172
_____

United States of America

*Plaintiff - Appellee*

v.

Marcin Stanislaw Garbacz

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Western
_____

Submitted: March 20, 2026
Filed: May 21, 2026
[Unpublished]
_____

Before COLLOTON, Chief Judge, GRUENDER and KOBES, Circuit Judges.
_____

PER CURIAM.

In 2020 a jury found Marcin Garbacz guilty of committing wire fraud (Counts 1-50), money laundering (Counts 51-59), transportation of stolen money (Count 60), and making and subscribing a false tax return (Counts 61-65). At his sentencing, the district court determined his advisory sentencing guidelines range on Counts 1-60

was 46 to 57 months' imprisonment and sentenced him to 57 months' imprisonment.[1]

In 2023, the United States Sentencing Commission adopted Amendment 821, which provides for a 2-level reduction for defendants with zero criminal history points who meet various additional criteria, including, as relevant here, that they "did not personally cause substantial financial hardship." *See* U.S.S.G. § 4C1.1(a). Garbacz moved under 18 U.S.C. § 3582(c)(2) to reduce his 57-month sentence to 46 months. The district court[2] denied his motion, finding both that he was ineligible under the amended U.S.S.G. § 4C1.1 and that the 18 U.S.C. § 3553(a) sentencing factors did not support a sentence reduction. Garbacz appeals.

When a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," a district court "may reduce the term of imprisonment." 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) requires a district court to conduct a two-part analysis to determine a prisoner's eligibility for a sentencing reduction. *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). First, the district court must determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Id.* at 827 (citation modified). Second, the district court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* We review a district court's determination that a defendant was ineligible for a sentencing reduction *de novo* and review its decision not to reduce his sentence for abuse of discretion. *United States v. Tollefson*, 853 F.3d 481, 485 (8th Cir. 2017). "A district court abuses its discretion

---

[1]It also sentenced him to 36 months' imprisonment on Counts 61-65, to be served consecutively to the 57 months' sentence.

[2]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation modified).

Here, the district court found that (1) Garbacz was ineligible for a sentence reduction because he caused his victim to suffer a "substantial financial hardship," *see* U.S.S.G. § 4C1.1(a)(6), and (2) even if Garbacz were eligible for a sentence reduction under U.S.S.G. § 4C1.1, it "would still deny his motion under the 18 U.S.C. § 3553(a) factors." On appeal, Garbacz argues that the district court made two errors. First, he points out that he did not receive an enhancement at his initial sentencing for having caused a substantial financial hardship and argues that the financial loss he caused does not qualify as a "substantial financial hardship" as the term is described elsewhere in the guidelines. *See* U.S.S.G. § 2B1.1 cmt. n.4(F). Second, Garbacz argues that the district court abused its discretion by improperly weighing the nature and circumstances of the offense and by failing to give sufficient weight to his rehabilitation efforts.

We need not address the merits of the district court's eligibility determination because, even assuming that Garbacz was eligible for a sentence reduction, the district court did not abuse its discretion when it found that the § 3553(a) factors did not support a sentence reduction. When considering the § 3553(a) factors, the district court recognized that Garbacz's post-conviction conduct weighed in favor of reducing his sentence because he had "completed 135 hours in coursework," "obtained several certificates of completion," not appeared in any disciplinary incident reports, been "labeled as a low-risk level inmate," "obtained employment," and "made payments toward his restitution." Nonetheless, it determined that Garbacz did not merit a sentence reduction based on the "nature and circumstances" of his offense. *See* 18 U.S.C. § 3553(a). The district court pointed out that Garbacz stole almost $259,000 from three separate parishes within the Diocese of Rapid City over the course of six years. It noted that Garbacz used this money to fund his "lavish

-3-

lifestyle," including cars, motorcycles, artwork, statues, ornate chalices, and monstrances. It further noted that, after becoming aware that the government was actively investigating him, Garbacz withdrew $50,500 from his bank accounts and made plans to flee the country. The district court concluded that Garbacz's initial sentence "reflects the seriousness of his offenses and protects the public from further criminal conduct."

Garbacz argues that the district court improperly weighed the nature and circumstances of his offense because both the original and amended guidelines ranges adequately accounted for his offense conduct. Therefore, he argues, he merited a sentence at the same relative position in the amended guidelines range. He also argues that the district court should have given greater weight to his post-conviction rehabilitation efforts. We disagree. "A district court has wide latitude to assign weight to given factors, and the district court may give some factors less weight than a defendant prefers or more weight to other factors, but that alone does not justify reversal." *United States v. Noriega*, 35 F.4th 643, 651 (8th Cir. 2022) (citation modified). Here, the district court appropriately considered the extent and degree of theft, the length of time over which Garbacz perpetrated his crimes, and Garbacz's attempts to avoid taking responsibility for his actions. Further, "although a district court *may* consider evidence of a defendant's rehabilitation since his prior sentencing, it is not required to adjust a sentence." *United States v. Hernandez-Marfil*, 825 F.3d 410, 412 (8th Cir. 2016) (citation modified). We detect no abuse of discretion.

Accordingly, we affirm.

_____